Reade J.
 

 The amnesty act of 1866--7 provides that no officer or private, in either the United States or Confederate armies, shall be held to answer on any indictment for any act done in discharge of any duties imposed on them by the laws of the United States, or of the Confederate States, or by virtue of any army order. And in construing that act, in
 
 State v. Blalock,
 
 ante 142, we said that “it embraces all who may be supposed to have committed crimes or injuries, by reason of their connection with the late war, whether they were officers or privates; whether they were of the Federal or Confederate forces; and whether they have been convicted or not.” The defendant craves the benefit of that act. But it cannot be allowed him; because it does not appear that his offence had any connection with his war duties.
 

 
 *537
 
 It is not alleged that he acted under any military order, or in the discharg’e of any military duty. He is charged with breaking a dwelling’ house and stealing a rifle, a watch and fifty dollars. It is not to be presumed that such conduct had any connection with his war duties. It was not the [intention of the act to exempt persons from punishment merely because they were soldiers; but only for acts which they committed
 
 as
 
 soldiers.
 

 There was a motion in arrest of judgment, for the reason that the punishment ordered by his Honor was unauthorized. Suppose that to be so, we • cannot arrest the judgment, because there is of record the verdict of guilty, and some judgment is necessary.
 

 The appeal vacates the judgment which was announced, and we can only say that there is no error in the record, and send the case back for such judgment as the law allows.
 

 There is no error. Let this be certified, &c.
 

 Per Curiam. Judgment affirmed.