### THE STATE v. F. D. KOONCE, JR.

*Appeal from Magistrate's Court—Trial De Novo.*

Upon a trial and conviction before a Justice of the Peace the defendant moved in arrest of judgment, which motion was refused, and he appealed to the Superior Court: *Held,* that the appeal brought up the whole case, and the defendant was entitled to a trial *de novo.*

CRIMINAL ACTION, heard upon appeal from a Justice of the Peace at Fall Term, 1890, of ONSLOW Superior Court, *Armfield, J.,* presiding.

The defendant was charged criminally before the Mayor of the town of Richlands, in the county of Onslow, with the violation of an *ordinance* of that town, and convicted. He appealed to the Superior Court. In that Court, upon motion of the Solicitor for the State, the State warrant was allowed to be amended; "the appeal was withdrawn," and "by agreement" the case was remanded to the Mayor for trial. Afterwards, upon application of defendant, the Mayor transferred the case to a Justice of the Peace to be tried before him. The defendant demanded a jury trial, which was had. There was a verdict of guilty, and thereupon the defendant moved in arrest of judgment. The motion was overruled, and judgment was given against the defendant, and he appealed to the Superior Court. In that Court the Solicitor "insisted that the defendant, by asking at Spring Term, 1890, that the case be remanded to be settled by the lower Court, and by order of the Court to that effect, had lost his right to a further appeal." The defendant thereupon said that "he only asked to be heard in this (the Superior) Court on his motion in arrest of judgment." The Court refused to hear that motion, and granted the motion of the Solicitor to "amend the warrant so as to recite the town *ordinance* on which it is based, and otherwise conform it to the facts found

on the trial." The defendant objected, and excepted. It seems the amendments were made, but they do not appear in the transcript of the record. The Court overruled the motion in arrest of judgment, gave judgment against the defendant, and he appealed to this Court.

*The Attorney General,* for the State.

*Mr. S. W. Isler,* for defendant.

MERRIMON, C. J.: The proceedings and conduct of this case have been irregular and confused. The Superior Court should have tried the defendant upon the first appeal from the judgment of the Mayor, but he cannot complain that this was not done. The offence charged is but a petty misdemeanor, and the appeal was " withdrawn," it seems, at his instance, and " by agreement" the case was remanded to the Mayor to be disposed of by him. Afterwards the defendant had the case transferred to a Justice of the Peace, and he was tried before that magistrate. It must be taken that he consented to such course of procedure, and he is concluded by it, subject to his right of appeal to the Superior Court.

The appeal by the defendant from the judgment of the Justice of the Peace took the case into the Superior Court, not to be heard there simply as to a motion in arrest of judgment or on any exception to any pertinent decision, order or judgment of the Justice of the Peace in the action, but to be tried upon the whole merits anew. The statute (*The Code,* § 900) explicitly prescribes that " in all cases of appeal (from the judgment of a Justice of the Peace) the trial shall be anew, without prejudice from the former proceedings." When, therefore, the appeal reached the Superior Court, that Court ought to have proceeded in the action as to the trial *de novo,* and it might allow all proper amendments of the proceedings, including the State warrant, to that end. The defendant might have pleaded *nolo contendere,* guilty or not

108—48

guilty; and so, before pleading and afterwards, by permission of the Court, he might have moved to quash the warrant. *State* v. *Quick*, 72 N. C., 241; *State* v. *Powell*, 86 N. C., 640.

The motion in the Superior Court to arrest the judgment in the Court of the Justice of the Peace had no pertinency, because the action was there to be tried anew and without regard to the verdict, motions and judgment before the Justice of the Peace. The Superior Court was not a court of errors—it had jurisdiction to try and dispose of the case, which it obtained by virtue of the appeal. The Court had authority to allow the State warrant to be amended as it did do, but it could not thereupon at once proceed to judgment against the defendant. It appears that the latter pleaded not guilty, though the plea does not appear in the record before us. The Court should have required him to plead or demur. If he pleaded not guilty, he should have been put upon his trial. If he pleaded *nolo contendere*, or guilty, the Court might have proceeded to give judgment. But there was no trial, no verdict of a jury, no plea that warranted the judgment from which the defendant appealed. The judgment seems to have been rendered by inadvertence occasioned by the confusion and irregularities in the proceedings in the course of the action.

Error.