STATE v. J. T. WARREN.

*Practice—Appeal from Judgment on a Plea of Guilty—Constitutional Law—Freedom of Speech—Local Police Regulations.*

1. Where a defendant pleads guilty, his appeal from a judgment thereon cannot call into question the facts charged, nor the regularity and correctness of the proceedings, but brings up for review only the question whether the facts charged and admitted by the plea, constitute an offence under the laws and Constitution.

2. An act of the Legislature (ch. 42, Acts of 1891), which makes it unlawful to use profane language to the disturbance of the peace on the lands of the Henrietta Cotton Mills of Rutherford County, is not an undue interference with the freedom of speech guaranteed by the Constitution, although the language used falls short of being a nuisance, punishable by State laws, from not having been "committed in the presence and hearing of divers persons, to their annoyance," etc.

3. An act of the Legislature making it unlawful to use profane language in certain localities, being a police regulation, is not obnoxious to the Constitution on the ground that it is not uniform and in effect over the whole State. Such police regulations may be limited in their operation to such localities as the Legislature may prescribe, as in the case of the prohibition of the sale of seed-cotton, liquor and other commodities in certain localities.

The defendant was convicted on his plea of guilty, before a Justice of the Peace, of a violation of the provisions of chapter 42, Acts of 1891, making it unlawful, among other

things, to use profane language to the disturbance of the peace on the lands of the Henrietta Cotton Mills in Rutherford County. On appeal to the Superior Court of RUTHERFORD County, his Honor *Armfield, J.,* at Spring Term, 1893, affirmed the judgment of the Justice of the Peace, and defendant appealed.

*The Attorney General* and *John Devereux,* for the State.
No counsel, *contra.*

CLARK, J.: The defendant was arrested upon a warrant issued under chapter 42, Acts 1891, for "unlawful and wilful use of profane and indecent language that did disturb the peace on the lands of the Henrietta Mills." On the trial before the Justice of the Peace, the defendant pleaded guilty. He was fined $50, and appealed. The sworn complaint was made on October 31, 1892, and the warrant issued on the same day. The trial was had, and a plea of guilty was entered on November 3, 1892. We only note that the officer returned the warrant "served on October 12, 1892," to say that this was a palpable inadvertence of no purport, since the defendant appeared in the action. If pleaded at the trial, the Justice should have granted the officer leave to amend the return. *The Code,* § 908. Not being pleaded, the plea upon the merits cured the error as to the defendant.

The defendant having pleaded guilty, his appeal could not call in question the facts charged nor the regularity and correctness in form of the warrant. *The Code,* § 1183. He is concluded as to these. Though, in fact, the proceedings are regular in form. The words used by the defendant need not have been set out. *State* v. *Cainan,* 94 N. C., 880. The appeal could only bring up for review the question whether the facts charged, and of which the defendant admitted himself to have been guilty, constitute an offence punishable under the laws and Constitution. Wharton Cr. Pr. & Pl., 9th Ed., §413. The record proper states that in the Superior

Court the defendant was tried by jury and found guilty. But, having pleaded guilty, the effect of the appeal could only be to test the validity of the statute. In fact, the judgment was arrested by the Court upon the ground that the act of the Legislature was unconstitutional. There are two grounds upon which the unconstitutionality of the statute may be urged: First, that it is an interference with the freedom of speech. The Legislature could have empowered a municipality to make the use of such language punishable by its ordinances, when it falls short of being a nuisance, punishable by State law, from not having been " committed in the presence and hearing of divers persons, to their annoyance," etc. *State* v. *Cainan*, 94 N. C., 880 ; *State* v. *Debnam*, 98 N. C., 712. Of course the Legislature could do this directly, if it could do it indirectly, as by authorizing a municipality to make an ordinance to that effect. Secondly, it may be urged that this is a criminal law, and hence must be uniform and take effect over the whole State. But, on the contrary, it is a police regulation, and hence may be limited in its operation to such localities as the Legislature may prescribe. The distinction between the two has been too often pointed out to require reiteration. Such public local acts have been often sustained by this Court, in cases of prohibition of sale of seed-cotton in certain counties, of intoxicating liquors in prescribed localities, or the sale of certain commodities in places named, without being weighed, and the like. These precedents and the reasons for the distinction drawn are given by AVERY, J., in *State* v. *Moore*, 104 N. C., 714, which is cited and approved in *State* v. *Moore*, at this term.

The Court should have overruled the motion in arrest, and affirmed the judgment, the defendant having pleaded guilty before the Justice. This case differs from *State* v. *Koonce*, 108 N. C., 752. There the defendant pleaded not guilty. Having been convicted, he moved in arrest of judgment. This being denied, he appealed. The Court properly held that on

such appeal the whole case was open and the trial was *de novo* (*The Code*, § 900), and not restricted to the motion in arrest of judgment. But here, the defendant has restricted himself by his plea of guilty. There can be no facts left open for consideration by a jury after such plea, and the sole question for review is the legal one which we have discussed.

The judgment of the Superior Court is set aside, and the case is remanded that judgment may be entered below affirming the sentence of the Justice of the Peace.

Reversed.