### STATE v. DOCK INGRAM and ODELL NORMAN.

#### (Filed 19 April, 1933.)

**1. Criminal Law G m—**

A defendant is presumed to understand the significance of his plea of guilty entered in a prosecution in the municipal court in the absence of explanatory evidence, and his plea is admissible against him in his trial in the Superior Court.

**2. Gaming B d—Exceptions to the admission of evidence in this prosecution for operating a lottery are not sustained.**

In establishing by circumstantial evidence the promotion of a lottery in violation of C. S., 4428, it is permissible for the State to show the association between the defendants and their financial relation to the transactions, and to this end testimony of declarations of one of them made in the presence of the other tending to establish such association and the participation of the defendants in the transactions is competent, and testimony of defendants' possession of certain slips of paper with numbers on them is competent where the evidence shows that they were essential to the consummation of the lottery, and testimony of the receipt and disbursement of money by one of them is also competent.

APPEAL by defendants from *Clement, J.*, at January Term, 1933, of FORSYTH. No error.

The defendants were indicted for a breach of C. S., 4428, which provides: "If any person shall open, set on foot, carry on, promote, make or draw, publicly or privately, a lottery, by whatever name, style, or title the same may be denominated or known; or if any person, by such way and means, expose or set to sale any house, real estate, goods, chattels, cash, written evidence of debt, certificates of claims or any other thing of value whatsoever, every person so offending shall be guilty

of a misdemeanor, and shall be fined not exceeding two thousand dollars or imprisoned not exceeding six months, or both, in the discretion of the court. Any person who engages in disposing of any species of property whatsoever, including money and evidences of debt, or in any manner distributes gifts or prizes upon tickets or certificates sold for that purpose, shall be held liable to prosecution under this section."

The specific charge in the warrant is that the defendants "did unlawfully and wilfully promote, set on foot, publicly or privately, a certain lottery where money is spent and a game of chance is taken." The defendants were convicted and from the judgment pronounced they appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell and Gertrude Upchurch for the State.*
*John D. Slawter and Richmond Rucker for defendants.*

PER CURIAM. The defendants offered no evidence. There is proof that they were engaged in the operation of a lottery. When arraigned in the municipal court Odell Norman pleaded guilty of the offense charged in the warrant, and in the absence of explanatory evidence is presumed to have understood the significance of his plea. His plea was admissible against him upon his trial in the Superior Court. 16 C. J., 630, sec. 1254(7). The trial court was therefore correct in refusing to dismiss the action. Exceptions to the admission of evidence and to the charge of the court comprise the remaining assignments of error.

Odell Norman was the owner and proprietor of the premises. In the rear of his barber shop there was a pool room in which it is contended the gambling device was situated. The lottery seems to have been conducted after this fashion: Ingram "picked up the business"; he sold the books, collected the money for them, and received from customers the sealed envelopes containing the numbers for the drawing. The device held out the possibility of receiving for a few cents a much larger sum of money. The documents found in the room consisted of several hundred slips of paper containing numbers, the slips in the envelopes being yellow slips bearing from five to fifteen numbers with a printed number at the bottom; they consisted in part of booklets containing yellow and white sheets with thin tissue sheets between them, some of which were num- . bered. The account books contained various names and figures.

The State offered evidence that Norman had frequently said in the presence of Ingram that the latter was the "pick-up man" who went around and got work from different places—*i. e.*, collected money and brought in bags of sealed envelopes; also that he had received money from Norman. The defendants excepted to the admission of this evi-

dence. In establishing the promotion of the lottery by circumstantial evidence it was permissible for the State to show the association of the defendants together with their financial relation and transactions. This was substantive. The declaration of Norman as to Ingram's participation in the enterprise and as to their protection if they were caught (Exceptions 21-23) was competent upon the principle set forth in *S. v. Jackson,* 150 N. C., 831; and his statement that he intended to turn over to Ingram certain papers bearing numbers, when he checked them up was competent at least against himself.

Exceptions 15-19 relate to slips which were disposed of; the receipt of the money by Norman; the way in which he paid it out; and a patron's potential receipt of ten dollars for two cents "if the number hit." In these exceptions we discover no cause for a new trial. The papers which are the subject of the twenty-fourth exception were admissible in evidence. There is testimony from which it may reasonably be inferred that the defendants were engaged jointly with others in an illegal enterprise, both making use of the papers which were essential to the consummation of this purpose. The charge is free from error and the remaining exceptions are formal.

No error.