STATE v. LeROY GOFF, T. E. GOFF, JR., AND MRS. T. E. GOFF, SR.

(Filed 10 January, 1934.)

1. **Criminal Law L d—**
     The record on appeal imports verity.

2. **Courts B e—After appeal is perfected from recorder's court and appeal bond given, recorder has no power to allow withdrawal.**
     After an appeal from a recorder's court to the Superior Court has been effected and appeal bond given, the recorder's court has no further juris-

diction over the case, the procedure being the same as upon appeal from a justice of the peace, C. S., 4647, and defendant appellant may not thereafter withdraw the appeal by notice given in the recorder's court.

**3. Criminal Law F e—Where appeal from recorder's court is effected and case pending plea of former jeopardy in Superior Court is bad.**

Where defendant has effected an appeal from conviction in a recorder's court and has filed appeal bond, he may not withdraw the appeal in the recorder's court, and his plea of former conviction upon trial in the Superior Court, based upon conviction in the recorder's court and withdrawal of appeal therefrom by the recorder, is bad, the case·being in the Superior Court for trial *de novo.* on the charge contained in the warrant issued in the recorder's court.

**4. Courts A c—On appeal from conviction in recorder's court Superior Court's jurisdiction is derivative and trial must be had on warrant.**

Where an appeal is taken from a conviction in a recorder's court in a case within its jurisdiction, the jurisdiction of the Superior Court on appeal is derivative, and the defendants must be tried on the warrant as issued out of the recorder's court, and it is error for the Superior Court to try them on an indictment charging a different offense from that contained in the warrant, the discretionary power of the Superior Court to allow an amendment to the warrant being limited to amendments not effecting a change in the charge of the offense. The warrant in this case charged assault and battery on a female, and the indictment charged assault and battery inflicting serious injury. C. S., 4215.

APPEAL by defendants, LeRoy Goff and T. E. Goff, Jr., from *Cranmer, J.,* and a jury, at September Term, 1933, of NEW HANOVER. Remanded.

"This is a criminal action charging that the defendants, LeRoy Goff, T. E. Goff, Jr., and Mrs. T. E. Goff, Sr., did unlawfully and wilfully beat and assault Mrs. T. E. Goff, Jr., and inflict upon the said Mrs. T. E. Goff, Jr., serious injury, by reason of severe and painful abrasions and contusions on the arms, legs and body as per bill of indictment set out in the record, returned as a true bill, at the July Term, 1933, of the Superior Court of New Hanover County.

The following is a true copy of the warrant which the defendants were tried on and convicted in the recorder's court: 'Nos. 961 and 962— State *v.* Tom Goff, LeRoy Goff. The recorder's court of New Hanover County. On this 25th day of June, 1933, before W. T. Hansley, deputy clerk recorder's court of New Hanover County, personally appeared Mrs. T. E. Goff, Jr., and made oath in due form that on 24 June, 1933, and in the county of New Hanover, Tom Goff, and LeRoy Goff, did unlawfully and wilfully assault her by beating her with his hands and did kick her, she a female and he a male over 18 years of age, against the form of the statute in such cases made and provided, and against the peace and dignity of the State. Mrs. T. E. Goff, Jr., affiant. Sworn

to and subscribed before me, this 25 June, 1933. W. T. Hansley, deputy clerk recorder's court, New Hanover County.' "

A warrant for the arrest of Tom Goff and LeRoy Goff was duly issued and the case set for 10:00 a.m. 26 June, 1933, before the recorder's court of New Hanover County, N. C.

"Continued 6–27–33; bond $200.00, T. E. Goff, Sr., surety. Judgment open 6–30–33—7–7–33, guilty fined $25.00 and costs. Judgment suspended during twelve months good behavior and on payment of costs.

On 7 July, 1933, notice of appeal to the Superior Court was given and bond fixed and given in the sum of $100.00, with T. E. Goff, Sr., as surety.

Appeal withdrawn in open court 7–14–33; costs $8.05 paid, on 4 August, 1933, as to LeRoy Goff and costs, as to Tom Goff has not yet been paid."

At the July Term, Superior Court, 1933, beginning 24 July, 1933, the grand jury returned the following bill of indictment: "State of North Carolina, New Hanover County—Superior Court, July Term, 1933. The jurors for the State upon their oath, present, that Tom Goff, LeRoy Goff and Mrs. T. E. Goff, Sr., late of the county of New Hanover, on 24 June, 1933, with force and arms, at and in the county aforesaid, did unlawfully and wilfully beat and assault Mrs. T. E. Goff, Jr., and inflict upon the said Mrs. T. E. Goff, Jr., serious injury by reason of severe and painful abrasions and contusions upon the arms, legs and body of Mrs. T. E. Goff, Jr., caused by kicks and other blows struck by the said defendants, Tom Goff, LeRoy Goff and Mrs. T. E. Goff, Sr., against the form of the statute in such case made and provided, and against the peace and dignity of the State. KELLUM, *Solicitor.*"

At the September Term, 1933, the defendants were tried in the Superior Court upon the above bill of indictment, before his Honor, E. H. Cranmer, judge, and a jury. The defendants stated to the court that they had been formerly tried and convicted of assault and battery upon the said Mrs. T. E. Goff, Jr., upon this case being called for trial; that upon judgment being pronounced in said recorder's court on 7 July, 1933, the defendants, Tom Goff and LeRoy Goff, appealed to the Superior Court of New Hanover County, immediately executed and delivered their appearance bond to said Superior Court beginning 24 July, 1933. This appeal was docketed in the Superior Court of said county on 8 July, 1933. While said appeal was pending in the Superior Court of said county on 14 July, 1933, said defendants appeared in the recorder's court and stated that they desired to withdraw the appeal they had taken on 7 July, 1933, to the Superior Court, at which time the recorder directed the entry to be made: "Appeal withdrawn in open court." LeRoy Goff paid the costs of $8.05 on 4 August, 1933. Tom

Goff had not paid any part of the costs. "It further appearing to the court that at the Superior Court beginning and held in and for said county on 24 July, 1933, the bill of indictment above set out was duly returned by the grand jury, and on 27 July, 1933, a capias issued out of said court for said defendants and on 31 July, 1933, said defendants were arrested and executed an appearance bond returnable to the September Term of said Superior Court beginning 11 September, 1933."

The court held, on the admission of the defendants and the record as herein set out, that the State should proceed with the trial of said case, at which time LeRoy Goff said he desired to recover the $8.05 he had paid to the recorder's court. The defendants each pleaded former conviction, and in Superior Court were without counsel. Upon the record, the plea was overruled, the bill charging serious injury, which was not in the charge in recorder's court. Each defendant excepted. The trial then proceeded, resulting in a verdict as charged in the bill of indictment, upon which the court entered judgment:

"That judgment be suspended as to the defendants, Mrs. T. E. Goff, Sr., upon payment of one-third of the costs. The defendants, LeRoy Goff and T. E. Goff, Jr., were each sentenced to 18 months in jail, to be assigned to work on the State highway, as per judgment of the court as shown in the record." After the verdict and judgment, the defendants, LeRoy Goff and T. E. Goff, Jr., gave notice of appeal in open court to the Supreme Court.

The appealing defendants made several exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Nathan Cole and W. F. Jones for defendants.*

CLARKSON, J. The record discloses that the case on appeal was settled by the court below upon disagreement of counsel. Numerous opinions of this Court are to the effect that the record to this Court imports verity and we are bound by it.

The first exception and assignment of error made by appellants is as follows: "His Honor was in error in not sustaining the plea of former conviction of defendants and ordering them discharged." We see no error in the court below in not sustaining the plea of former conviction.

In the record is the following: "Judgment being pronounced in said recorder's court on 7 July, 1933, the defendants, Tom Goff and LeRoy Goff, appealed to the Superior Court of New Hanover County, immediately executed and delivered their appearance bond to said Superior

Court beginning 24 July, 1933. This appeal was docketed in the Superior Court of said county on 8 July, 1933. While said appeal was pending in the Superior Court of said county on 14 July, 1933, said defendants appeared in the recorder's court and stated that they desired to withdraw the appeal they had taken on 7 July, 1933, to the Superior Court, at which time the recorder directed the entry to be made: 'Appeal withdrawn in open court.' LeRoy Goff paid the costs of $8.05 on 4 August, 1933. Tom Goff had not paid any part of the costs."

Under the above facts appearing in the record, the defendants, appellants, could not withdraw their appeal. The presumption from the record is that the recorder sent all the necessary papers to the Superior Court, where they were duly docketed. An appearance bond for appellants was duly given.

C. S., 4647, is as follows: "The accused may appeal from the sentence of the justice to the Superior Court of the county. On such appeal being prayed, the justice shall recognize both the prosecutor and the accused, and all the material witnesses, to appear at the next term of the court, in such sums as he shall think proper; and he may require the accused to give sureties for his appearance as aforesaid. In all cases of appeal, the trial shall be anew, without prejudice from the former proceedings." C. S., 4648, *et seq.*

In *Sneeden v. Darby,* 173 N. C., 274 (275), speaking to the subject: "The act establishing the recorder's court in Wilmington, chapter 389 (398) of Public Laws of 1909, as amended by ch. 217 of the Public-Local Laws of 1911, provided that 'Any person desiring to appeal to the Superior Court in a criminal or civil case from a judgment of the recorder's court shall be allowed to do so in the same manner as is now provided for appeals from the courts of justices of the peace'; and section 608 of the Revisal requires an appeal from a justice to the Superior Court to be docketed 'at the ensuing term of said court.' "

35 C. J., part sec. 481(b), p. 786, is as follows: "When the jurisdiction of the appellate court has attached on appeal from a justice's court the powers of the justice are in general at an end, or suspended during the pendency of the appeal, except in so far as may be necessary to transmit the record to the appellate court. After the appeal is perfected, the justice has no power to vacate." *Marshall v. Lester,* 6 N. C., 227; *Sturgill v. Thompson,* 44 N. C., 392; *Forbes v. McGuire,* 116 N. C., 449; *Bagging Co. v. R. R.,* 184 N. C., 73.

In 16 R. C. L., part sec. 83, (Justices of the peace), p. 405-6, we find: "When an appeal has been taken the authority of the justice over the case is thereby terminated, and he has no power to take any further steps therein except such as may be necessary to perfect the appeal.

Hence he cannot issue an execution after an appeal has been perfected, and if he issues execution on a judgment within the time allowed for an appeal, and the appeal is taken afterwards, it is his duty to revoke the execution, and the constable is bound to return the execution and proceed no further upon it, for an appeal strikes the execution dead, and everything done afterwards in the way of levy or sale under it is void. Likewise in a criminal case the justice's issuance of a *mittimus* on a sentence is without jurisdiction and void after an appeal has been taken. Where the effect of an appeal is to transfer the entire record to the appellate court for a retrial as though originally brought therein, the judgment appealed from is completely annulled, and is not thereafter available for any purpose."

In *Bullard v. McArdle,* 35 Am. St. Rep. (96 Cal., 355), 176 (178), speaking to the subject: "By perfecting the appeal from the justice's court the case was entirely removed from that court, and only the Superior Court had thereafter jurisdiction in the matter. The judgment in the justice's court was not merely suspended, but by the removal of the record was vacated and set aside. *Thornton v. McHoney,* 24 Cal., 569; *People v. Treadwell,* 66 Cal., 400. When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and is not thereafter available for any purpose. *Bank of North America v. Wheeler,* 28 Conn., 441; 73 Amer. Dec., 683; *Campbell v. Howard,* 5 Mass., 376; *Levi v. Karrick,* 15 Iowa, 444; *Keyser v. Farr,* 105 U. S., 265." C. S., 660, appeal from justice heard *de novo.* 1528, *et seq.* In civil actions: See C. S., 650, undertaking to stay execution money judgment; C. S., 651, 652, 653, 654, 655, 656, 657, judgment not vacated by stay.

On appeal to the Superior Court from a conviction before a justice of the peace, the court can allow an amendment of the warrant. *S. v. Cauble,* 70 N. C., 62; *S. v. Koonce,* 108 N. C., 752. It is discretionary with the court whether it will exercise the power. *S. v. Vaughan,* 91 N. C., 532; *S. v. Crook,* 91 N. C., 536. But a warrant cannot be amended so as to charge a different offense. *S. v. Cook,* 61 N. C., 535; *S. v. Vaughan,* 91 N. C., 532; *S. v. Taylor,* 118 N. C., 1262; *S. v. Johnson,* 188 N. C., 591; *S. v. McLamb,* 188 N. C., 803; *S. v. Pace,* 192 N. C., 780; *S. v. Hunt,* 197 N. C., 707. What is "serious damage" or "serious injury" see *S. v. Hefner,* 199 N. C., 778 (780).

An appeal having been taken by the defendants, they were entitled to a trial *de novo* on the charge contained in the warrant, on which the appeal was taken.

The second exception and assignment of error by appellants as to submitting the question of guilty or not guilty to the jury, under the bill of indictment, must be sustained.

C. S., 4215, is as follows: "In all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both at the discretion of the court. *Provided,* that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days; but this proviso shall not apply to cases of assault with intent to kill or with intent to commit rape, or to case of assault or assault and battery by any man or boy over eighteen years old on any female person."

Public Laws, 1909, chap. 398, establishes a "recorder's court of New Hanover County." This act was amended by Public-Local Laws, 1911, chap. 217, which conferred civil jurisdiction. It was further amended as follows: Section 3. "Amend section eight of chapter three hundred and ninety-eight of the Public Laws of one thousand nine hundred and nine, by striking out all of subsection (c) of said section eight and insert in lieu thereof the following: (c) Said court, in addition to the jurisdiction conferred in subsections (a) and (b) of this section, shall have final, exclusive, original jurisdiction of larceny and receiving stolen goods, knowing them to be stolen, where the property stolen does not exceed twenty dollars in value, and exclusive original jurisdiction of all other criminal offenses committed in said county below the grade of felony, as now defined by law, and the same are hereby declared to be petty misdemeanors; *Provided, however,* the grand jury of the Superior Court of said county shall have the right, and it is hereby authorized so to do, to summons witnesses before and inquire into the commission of any of the offenses declared by this subsection to be petty misdemeanors, but in the event that any presentment is made or a true bill found, it shall be the duty of the judge of the Superior Court to remand said cases to the recorder for trial as is prescribed by law: *Provided, further,* that if the recorder's court shall not take official cognizance of any offenses whereof it is given exclusive original jurisdiction within sixty days after the commission of the offense, the Superior Court shall have jurisdiction of such offense, concurrently with the recorder's court. Section 4. Amend section eight of chapter three hundred and ninety-eight of the Public Laws of North Carolina of one thousand nine hundred and nine, by adding at the end thereof the following: (d) 'Any person desiring to appeal to the Superior Court, in a criminal or civil case, from a judgment of the recorder's court, shall be allowed to do so in the same manner as is now provided for appeals from the courts of justices of the peace. (h) . . . and in all cases there shall be a

right to appeal on the part of the defendant in the trial of criminal cases and on the part of either the plaintiff or defendant in civil cases to the ensuing term of the Superior Court, and in all such cases of appeal the defendant in a criminal action shall be required to give bond, with sufficient surety, to be fixed by the said recorder, conditioned for the defendant's appearance at such court, and in default thereof the recorder shall commit such defendant to the common jail of New Hanover County until said defendant shall give bond or be otherwise discharged according to law.' " See Public-Local Laws (Extra Session) 1920, chap. 179; Public-Local Laws, 1921, chap. 2; Public Laws, 1923, chap. 132.

Under the above, the recorder's court of New Hanover County "shall have final, exclusive, original jurisdiction of larceny . . . and exclusive original jurisdiction of all other criminal offenses committed in said county below the grade of felony, as now defined by law and the same are hereby declared to be petty misdemeanors." In the proviso the Superior Court is given concurrent jurisdiction if the recorder's court does not take official cognizance of the offense within 60 days after the commission of same. The recorder's court took official cognizance of the offense against the defendants within the 60 days and under the statute had exclusive, original jurisdiction. On the appeal by defendants to the Superior Court, the trial was *de novo* on the charge set forth in the warrant for which defendants were tried in the recorder's court. The Superior Court only acquired jurisdiction by appeal. We construe the law and not make it. The case must be remanded to the Superior Court to be tried *de novo* on the warrant issued against the defendants, for which they were convicted and appealed to the Superior Court. The bill of indictment included Mrs. T. E. Goff, Sr. She was not charged with the offense in the recorder's court and the bill of indictment was found at July Term, 1933, of the Superior Court beginning 24 July, 1933, the offense was alleged to have been committed on 24 June, 1933. The 60 days had not expired to try her in the Superior Court. The record shows that she did not appeal to this Court from the judgment against her in the Superior Court. It is stated in the record that the defendants who appealed to this Court, in the Superior Court were *inops consilii.* Art. I, sec. 11, Const., N. C.; C. S., 4515 "Accused entitled to counsel." This case indicates that the old adage is true: "A man who is his own lawyer has a fool for a client." If defendants had had counsel, the statutes would, no doubt, have been called to the attention of the learned solicitor and capable judge in the court below.

For the reasons given, the action against the appealing defendants is remanded to the Superior Court to be tried *de novo* on the warrant.

Remanded.