STATE v. L. F. COX.

(Filed 1 November, 1939.)

1. **Criminal Law § 72: Courts § 2a—**

An appeal from a county court to the Superior Court vests jurisdiction in the Superior Court, and subsequent proceedings in the county court pending the appeal are void.

2. **Criminal Law § 83: Courts § 2a—**

The Superior Court, on appeal, may remand a cause back to the county court by consent upon satisfactory cause shown, and the remand reinstates the cause on the county court docket and gives it jurisdiction.

3. **Criminal Law § 68a—**

The right of the State to appeal is statutory, C. S., 4649, which right may not be enlarged by the Superior Court, and when the Superior Court remands a cause to the county court with provision that the State may appeal from any judgment thereafter rendered by the county court, the provision giving the State the right to appeal is void.

4. **Courts § 2a—Proper remand to county court ends Superior Court's jurisdiction and it may review subsequent proceedings only upon proper appeal.**

When the Superior Court remands a prosecution back to the county court its jurisdiction is ended and it can review subsequent proceedings in the county court only upon proper appeal, and in the absence of an appeal by the defendant from the subsequent judgment of the county court entered upon his plea of *nolo contendere,* an appeal by the State not authorized by statute gives the Superior Court no jurisdiction, and the cause remains in the county court for the enforcement of the judgment entered upon defendant's plea.

APPEAL by defendant from *Bobbitt, J.,* at May Term, 1939, of ROWAN. Reversed.

This is a criminal prosecution tried upon warrant charging the defendant with the unlawful possession of certain gambling devices, to wit, slot machines and tip books.

The court below adjudged that all proceedings in the county court and all proceedings in the Superior Court subsequent to the docketing of defendant's appeal from the original judgment of the Rowan County

court were void and entered judgment affirming the original judgment of the Rowan County court and dismissing the defendant's appeal. The defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State, appellee.*

*Walter Murphy, W. C. Coughenour, and Walter Woodson for defendant, appellant.*

BARNHILL, J. The pertinent facts are fully set forth in the opinion on the former appeal in this cause. *S. v. Cox,* 215 N. C., 458. After defendant's former appeal was dismissed by this Court, *S. v. Cox, supra,* the court below, at the May Term, 1939, after finding the preliminary facts outlining the history of the case, entered judgment as follows: "The court is of the opinion that the purported judgment of the Rowan County court, entered September 2, 1938, after the defendant's appeal from the said judgment of July 29, 1938, has been docketed in the Superior Court of Rowan County, and that the order of the Superior Court of Rowan County entered at September Term, 1938, remanding the case in the Rowan County court, and that the subsequent proceedings in the Rowan County court and its purported judgment of November 17, 1938, and that the State's purported appeal from said purported judgment, are void; and the court is further of the opinion that this cause has been and is now before this Court upon the defendant's said appeal from the judgment entered by the Rowan County court on July 29, 1938, upon the defendant's plea of *nolo contendere,* not for trial *de novo,* but to view and determine the questions as to whether the facts charged and admitted by the plea of *nolo contendere* constitute an offense under the Constitution and laws of North Carolina and as to whether the judgment of the Rowan County court entered July 29, 1938, is void, in whole or in part, as being beyond the power and jurisdiction of the Rowan County court. (See *S. v. Warren,* 113 N. C., 683.)

"The Court, upon consideration of the defendant's appeal from the judgment of the Rowan County court entered July 29, 1938, is of the opinion that the facts charged in the warrant and admitted by the plea of *nolo contendere,* support and warrant in law said judgment of July 29, 1938, entered by the Rowan County court.

"It is, therefore, ordered, adjudged and decreed the judgment of the Rowan County court dated July 29, 1938, be, and is, affirmed, and that the defendant's appeal therefrom be, and is, dismissed." By his appeal the defendant challenges the correctness of this judgment.

When the defendant appealed from the original judgment of the county court and the appeal was docketed in the Superior Court the

Rowan County court was without jurisdiction to proceed further therein. The appeal vested jurisdiction in the Superior Court. Therefore, the judgment entered by the county court, 2 September, 1938, attempting to modify the original judgment was void. *S. v. Goff,* 205 N. C., 545, 172 S. E., 407, and cases there cited.

The appeal having been docketed in the Superior Court, the judge presiding, at term, had authority, upon satisfactory cause shown, and by consent, to remand the case to Rowan County court for clarifying judgment or other proceedings. Thus, the order entered at the September Term, 1938, remanding the case to the county court was a valid exercise of jurisdiction by the judge of the Superior Court. The order had the effect of reinstating the case on the county court docket and revested that court with jurisdiction of the cause. The judgment thereafter entered by the judge thereof, on 17 November, 1938, upon a plea of *nolo contendere* by the defendant, was valid. From this judgment the defendant did not appeal.

The provision in the order of remand entered at the September Term, 1938, granting the State the right to appeal was void. The right of the State to appeal is controlled by statute. C. S., 4649. *S. v. Nichols,* 215 N. C., 80. The judge of the Superior Court may not enlarge this right. When the order of remand was entered the jurisdiction of the Superior Court ended.

As the defendant did not appeal from the county court judgment entered 17 November, 1938, the cause never again properly reached the Superior Court. The attempted appeal by the State was ineffective to restore its jurisdiction. This conclusion is unaffected by the judgment entered in the Superior Court at the November Term, 1938, in which the judge presiding attempted to revoke and strike from the record the order of remand. The judge was without power to revoke the order at a subsequent term without the consent of the defendant.

The correctness of the provision in the judgment entered at the May Term, 1939, to the effect that the appeal from the county court on defendant's plea of *nolo contendere* placed the cause on the Superior Court docket for review and determination of the question as to whether the facts charged and admitted by the plea of *nolo contendere* constituted an offense under the Constitution and laws of North Carolina and not for trial *de novo* is not presented for determination on this record. However, it might be well to note that this conclusion is contrary to the former decisions of this court. See *S. v. McKnight,* 210 N. C., 57, and cases there cited.

The judgment entered at the May Term, 1939, of the Superior Court was void for the want of jurisdiction, as the attempted appeal by the

IN RE DRY.

State did not reinstate the cause in the Superior Court. The Superior Court acquired no jurisdictional control over the cause by virtue of that appeal.

The defendant's motion made at the May Term, 1939, to dismiss the appeal of the State and remand the cause to the county court to the end that he might comply with the last and final judgment of that court should have been allowed.

This criminal action is now properly in the Rowan County court and the judge of that court may enforce the judgment there entered.

Reversed.