STATE v. WILLIE CRANDALL.

(Filed 2 May, 1945.)

**1. Assault and Battery § 14: Constitutional Law § 32—**

In case of an assault with a deadly weapon, the person convicted (or one who pleads guilty) shall be punished by fine or imprisonment, or both, at the discretion of the court. G. S., 14-33. And, when no time is fixed by the statute, imprisonment for two years will not be held to be cruel or unusual and violative of Art. I, sec. 14, of the Constitution of North Carolina.

**2. Criminal Law § 17—**

The retraction or withdrawal of a plea of guilty, made by a defendant in a recorder's court, is not a matter of right when the case has been appealed to the Superior Court, and motion to be allowed to so retract is addressed to the sound discretion of the court.

**3. Criminal Law §§ 14½, 17—**

Where a defendant pleads guilty in a court inferior to the Superior Court, such as a recorder's court, and that fact appears upon the face of the record as it comes to the Superior Court on his appeal from a judgment of the inferior court, his appeal cannot call into question the facts charged, but brings up for review only matters of law, and the defendant is not entitled to a trial *de novo*.

**4. Criminal Law §§ 17, 33—**

A plea of guilty is not only an admission of guilt, but is a formal confession of guilt before the court in which defendant is arraigned.

**5. Appeal and Error § 49b—**

The law discussed in any opinion is set within the framework of that particular case.

**6. Criminal Law § 17—**

Where a plea of guilty is general it covers all offenses charged in the warrant or in the indictment.

BARNHILL, J., dissenting.

SCHENCK and SEAWELL, JJ., concur in dissent.

APPEAL by defendant from *Burney, J.,* at January Term, 1945, of BEAUFORT.

Criminal prosecution begun in the recorder's court for Washington, Long Acre, Chocowinity and part of Bath Townships in Beaufort County, North Carolina, upon a warrant issued out of said court, charging defendant with assault upon one J. E. Roberson (1) with a deadly weapon, to wit, a bicycle, and (2) with a deadly weapon, to wit, a shotgun.

The record proper shows that upon trial in the recorder's court defendant pleaded guilty. Thereupon the court entered judgment reciting therein that "Upon the trial of this case the defendant pleads guilty," and ordering and adjudging that he be confined in the common jail of Beaufort County for two years to be assigned to work the roads. From this judgment defendant appealed to Superior Court.

When the case came on for hearing on such appeal the court in its discretion refused to allow defendant to withdraw the plea of guilty entered in the recorder's court and, after hearing evidence offered by both State and defendant, entered judgment that defendant be confined in the common jail of Beaufort County and assigned to work under the direction of the State Highway and Public Works Commission for a term of two years upon the charge of assault with a deadly weapon to which he had heretofore pleaded guilty. (It is noted here that in the original transcript of the record as filed in this Court on this appeal the last clause in the judgment reads: "To which charge the defendant had heretofore pleaded not guilty." But the Clerk of the Superior Court of Beaufort County, in response to request from this Court, has sent up a certified copy of the judgment as it appears of record in his office, and as so certified the clause reads: "To which charge the defendant had heretofore pleaded guilty").

Defendant excepted to this judgment and appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*H. S. Ward for defendant, appellant.*

WINBORNE, J. The only assignment of error appearing in the record on this appeal is to the judgment as signed in the Superior Court. As grounds for the exception to the judgment, stated in brief filed through counsel for defendant, two questions are submitted for consideration, substantially these: First: That the imposition of the sentence of two years in prison, after having heard the evidence, as set forth in the judgment, taken in connection with the refusal of the court to allow a retraction or withdrawal of the plea of guilty in accordance with motion of defendant, constituted an abuse of discretion, designated by counsel for the defendant as "an erroneous view of the discretion" exercised in regard to both the refusal of the motion and the punishment imposed. Thus, apparently, it is conceded that in both respects the subjects were addressed to the sound discretion of the court, and are not matters of right.

As to the punishment imposed: The pertinent statute, G. S., 14-33, provides that "in all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court," subject to provisos not applicable here. And the decisions of this Court are to the effect that when no time is fixed by the statute, imprisonment for two years, as in the case at bar, will not be held to be cruel and unusual, and violative of Article I, section 14, of the Constitution of North Carolina. See *S. v. Moschoures,* 214 N. C., 321, 199 S. E., 92, citing *S. v. Farrington,* 141 N. C., 844, 53 S. E., 954; *S. v. Daniels,* 197 N. C., 285, 148 S. E., 244, and cases there cited.

As to refusal of motion to allow defendant to retract or withdraw the plea of guilty entered by him in recorder's court: Such a retraction is not a matter of right, and a motion to be allowed to so retract is addressed to the sound discretion of the court. *S. v. Branner,* 149 N. C., 559, 63 S. E., 169. Furthermore, where a defendant pleads guilty in a court inferior to the Superior Court, such as the recorder's court in this case, and that fact appears upon the face of the record as it comes to the Superior Court on his appeal from a judgment of the inferior court, his appeal cannot call into question the facts charged, but brings up for review only matters of law, and the defendant is not entitled to a trial *de novo.* *S. v. Warren,* 113 N. C., 683, 18 S. E., 498.

In the *Warren case, supra,* the Court, distinguishing it from the case *S. v. Koonce,* 108 N. C., 752, 12 S. E., 1032, held that the defendant had restricted himself by his plea of guilty, and that on such plea there can be no facts left open for consideration by a jury and, hence, the sole question presented for review on appeal to Superior Court is one of law. The *Warren case, supra,* is similar in factual situation to the case in hand. When defendant there was brought to trial before the justice of the peace he pleaded guilty and was ordered to pay a fine and costs. He appealed to Superior Court and the record on such appeal revealed the fact that he had so pleaded. Here, a plea of guilty was entered on the trial in a recorder's court and likewise appeared in the record on appeal to the Superior Court. The provisions of the statute relating to appeals from judgments of a justice of the peace in criminal cases, G. S., 15-177, and provisions of the act relating to appeals from judgments of the recorder's court in which defendant was tried, Public-Local Laws 1911, chapter 74, sec. 7 (e), are similar. In the former, it is provided that "in all cases of appeal, the trial shall be anew, without prejudice from the former proceedings." In the latter, it is provided that "upon such appeal the trial in Superior Court shall be *de novo* on papers certified from said recorder's court." Hence, the law as declared in *S. v. Warren, supra,* is applicable and controlling here. "A plea of guilty is not only

an admission of guilt, but is a formal confession of guilt before the court in which the defendant is arraigned." *Walker, J.,* in *S. v. Branner, supra.*

In this connection attention has been given to the cases *S. v. Ingram,* 204 N. C., 557, 168 S. E., 837; *S. v. McKnight,* 210 N. C., 57, 185 S. E., 437, and to *S. v. Cox,* 216 N. C., 424, 5 S. E. (2d), 125. These cases are distinguishable from that in hand.

The statement in the *Ingram case, supra,* that the plea of defendant was admissible against him upon the trial in Superior Court must be read in connection with the facts of the case, that is, that the record of the municipal court failed to show on its face that the defendant had pleaded guilty in that court and on the trial in the Superior Court parol testimony offered by the State was admitted tending to show that one of the two defendants had pleaded guilty in the municipal court. Reference to the record reveals that exception to this evidence related to its competency. In the *McKnight case, supra,* the record as it came from the recorder's court failed to show that the defendant entered a plea of guilty in that court, and this Court held that, without resorting to *certiorari* or *recordari,* the judge exceeded his authority in undertaking *dehors* the record to determine the question as to the plea of defendant in recorder's court. And in the case *S. v. Cox,* 216 N. C., 424, 5 S. E. (2d), 125, it is expressly stated that the question as to whether the case was in Superior Court for review or for trial *de novo*—defendant having pleaded *nolo contendere* in the county court—was not presented for determination on that appeal. "The law discussed in any opinion is set within the framework of that particular case." *Barnhill, J.,* in *Light Co. v. Moss,* 220 N. C., 200, 17 S. E. (2d), 10. See also *S. v. Utley,* 223 N. C., 39, 25 S. E. (2d), 195; *S. v. Boyd,* 223 N. C., 79, 25 S. E. (2d), 456; *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466.

The hearing of evidence in the Superior Court was only for the purpose of enabling the court to pass upon the validity of the judgment of the recorder's court. And while it appears from the judgment entered in Superior Court that defendant was sentenced by the Superior Court, and to a term in prison, the length of the terms of imprisonment named in the two judgments is the same. Hence, the judgment of the Superior Court is tantamount to an affirmance of the judgment of the recorder's court. Therefore, on this record we are not called upon to say whether the Superior Court may or may not impose a greater or less sentence than was imposed by the inferior court from which the appeal is taken. The plea of guilty forecloses any further consideration of the facts.

Second: That the judgment of Superior Court referred to one charge to which defendant pleaded "not guilty," and hence that it is not clear to which charge the sentence related. This is clarified by the certified

copy of the judgment sent up at the request of this Court as set forth hereinabove in statement of the case. The plea of guilty appears to have been general, and covers all offenses charged in the warrant.

The judgment below is

Affirmed.

BARNHILL, J., dissenting: Three men were standing in a lane. Defendant approached on a bicycle and ran into one of them, the prosecuting witness, J. E. Roberson, and knocked him down. Roberson got up and said, "I ought to take this piece of board up and knock you in the head." Defendant replied, "Wait a minute, God damn you, I will get you." He then went off and got a gun but did not get nearer than 200 or 250 yards of Roberson. He testified the bicycle incident was an accident. Roberson said he thought so too until defendant replied to him in an angry tone.

Upon this evidence, stated in the light most favorable to the State, defendant was arrested under a warrant charging an assault with a deadly weapon, a bicycle, and also with a gun. At the trial he was without counsel and the record indicates that he pleaded guilty. Sentence of two years was imposed. He appealed to the Superior Court.

When the cause came on for hearing in the Superior Court, his counsel attempted to withdraw his plea of guilty and enter a plea of not guilty. His motion was denied and the court proceeded as if it was an appellate court of review, and, after hearing the evidence, pronounced judgment of two years imprisonment. The majority opinion approves. My view of the law is such that I am unable to concur.

It is said the court, in denying the defendant's motion to be allowed to enter a plea of not guilty, was exercising a discretionary power. But labels have little significance in the face of actuality. The inevitable result of the ruling was to deny the defendant a trial *de novo*. Instead, the court heard the evidence and imposed sentence without the intervention of a jury. This procedure is challenged by exception to the judgment. In deciding the question thus presented we are not circumscribed by or confined to the argument of counsel. It is the action of the judge— not the lawyer—that is under review.

So then the one question presented on this appeal is this: Was the defendant entitled to a trial *de novo* in the Superior Court? If so, he has been denied a substantial right.

The majority conclude that defendant on appeal was bound by his plea in the recorder's court and therefore he had no right to a trial *de novo*.

If only a question of procedure were presented, I would assent, but a vital question of substantial right is involved. Hence I must enter my dissent and give my reasons for so doing.

The pertinent statute, chapter 74, Public-Local Laws 1911, gives a defendant convicted in the inferior court thereby created a right of appeal and provides that "upon such appeal the trial in the Superior Court shall be *de novo* on papers certified from said recorder's court." About this there is no division of opinion.

The ideal system, no doubt, would provide one trial and one trial only, with the right of a review for alleged error in law. But, as yet, we have not reached perfection. We still maintain inferior courts which are not courts of record. They are "one man" courts. Their presiding officers, oftentimes, are not trained in the law. It is not unusual for defendants to appear without counsel. Procedure is more or less informal and at times without regard to the rules of evidence. On appeal no "case on appeal" is possible. A review by an appellate court of errors is a practical impossibility.

The law recognizes the nature, quality, and composition of these tribunals, set up for the purpose of providing speedy and inexpensive trial of petty causes. It treats their weaknesses realistically and gives the litigant adequate protection by providing the only sensible alternative— an appeal with the right to a trial *de novo*.

Thus it constitutes the Superior Court an appellate trial court. It does not review errors of law. It retries a cause anew. Unless expressly authorized by statute, as in case of general county courts, it does not exercise the functions of an appellate court of review.

Here the pertinent statute assures a trial *de novo*. The term is general, without restriction or limitation. So then we come to the question: What is the significance of the term—what is a trial *de novo?*

*De novo* means fresh; anew. *Estes v. Denver & R. G. R. Co.,* 113 Pac., 1005. It means anew, over again, and without any presumptions in favor of the justice's judgment. *Slaughter v. Martin,* 63 So., 689. The case stands as a new cause, *Snoden v. Humphries,* 2 N. C., 21, and is to be tried on the whole merits anew. *S. v. Koonce,* 108 N. C., 752. It should be unaffected by proceedings in the lower court, *Southern Casualty Co. v. Fulkerson,* 30 S. W. (2d), 911, and is to proceed as if there had been no trial. *S. v. McAlpin,* 26 N. C., 140; *Karcher v. Green,* 32 Atl., 225; *Nichols v. Vinson,* 32 Atl., 225.

The trial in the appellate court is to be had on the warrant, *S. v. Boykin,* 211 N. C., 407, 191 S. E., 18, as though it originated in the appellate court. *Vinyard v. Republic Iron & Steel Co.,* 87 So., 552; *S. v. Goff,* 205 N. C., 545, 172 S. E., 407, and cases cited; *Bullard v. McArdle,* 35 Am. St. Rep., 176.

Article I, section 13, of our Constitution guarantees to a defendant in a criminal prosecution the right to trial by jury. It also permits other means of trial for petty misdemeanors, with the right of appeal.

. We have repeatedly held that the right of appeal thus required is the means adopted to preserve the defendant's constitutional right to a jury trial.

On an appeal in a criminal action from an inferior court the trial in the Superior Court is *de novo*. When the defendant asserts his right of appeal and the case comes up in the Superior Court, the defendant's right of trial by jury as guaranteed by the Constitution is preserved to him. *S. v. Brittain,* 143 N. C., 668; *S. v. Pasley,* 180 N. C., 695, 104 S. E., 533; *S. v. Jones,* 139 N. C., 612; *S. v. Shine,* 149 N. C., 480.

The unrestricted appeal from a sentence in an inferior court granted the defendant by statute protects a defendant's right to trial by jury guaranteed by the Constitution, *S. v. Lytle,* 138 N. C., 738, and inasmuch as the trial in the Superior Court is *de novo,* alleged errors committed in the inferior court must be disregarded. *S. v. Brittain, supra; S. v. Hyman,* 164 N. C., 411, 79 S. E., 284.

If I correctly evaluate the substance of these decisions, then the right of appeal is unrestricted. Defendant's plea is withdrawn by operation of law and the cause is to be tried again from the beginning as if it originated in the Superior Court, unprejudiced by any proceeding in the inferior court. Thus the defendant is guaranteed the right to replead and to trial by jury.

The Superior Court, as stated, is an appellate trial court and not an appellate court of review. It is not its prerogative to review trials in inferior courts for the purpose of discovering and correcting error. When a cause reaches it on appeal, it is to be again tried from the beginning, anew, as if it originated in that court. Trial *de novo* can have no other meaning.

This view is sustained by the decision in *S. v. Koonce, supra.* There the defendant was convicted in a magistrate's court. He then moved in arrest of judgment. The motion was denied and he appealed. Thus his appeal, strictly speaking, presented only a question of law. In the Superior Court he stated he wished to be heard on that question alone. The judge overruled the motion in arrest of judgment and pronounced judgment. This Court remanded, saying in part:

"The motion in the Superior Court to arrest the judgment in the court of the justice of the peace had no pertinency, because the action was there to be tried anew and without regard to the verdict, motions and judgment before the justice of the peace. The Superior Court was not a court of errors—it had jurisdiction to try and dispose of the case, which it obtained by virtue of the appeal. . . . The court should have

required him to plead or demur. If he pleaded not guilty he should have been put upon his trial. If he pleaded *nolo contendere,* or guilty, the court might have proceeded to give judgment. But there was no trial, no verdict of a jury, no plea that warranted the judgment from which the defendant appealed."

The appeal annuls the judgment of the inferior court. There is nothing to review. *S. v. Goff, supra.*

The one case cited in support of the majority view is *S. v. Warren,* 113 N. C., 683. A careful examination of that decision will disclose that it is not authoritative. The facts as disclosed by the original record are these: The defendant was arrested on a warrant charging a misdemeanor. In the trial before the justice of the peace he entered a plea of guilty and then appealed from the sentence imposed. In the Superior Court he entered a plea of not guilty and was convicted by a jury. His counsel then moved in arrest of judgment for that the Act under which he was tried, ch. 42, Public Laws 1891, was unconstitutional. Judgment was arrested and the State appealed. This Court reversed.

Thus the sole legal question presented in that case was the constitutionality of the Act under which the defendant was tried. The discussion of procedure was superfluous *dicta* of the author entirely alien to the legal question presented. The other Justices who, by their vote, concurred in the opinion were not bound thereby. Neither are we.

If, however, it is to be assumed that the point here presented was there decided, then in my opinion the decision is in direct conflict with the statutory provision giving defendant an unrestricted right of appeal and assuring him a trial *de novo.* For that reason it is unsound. The error, once made, should not be perpetuated.

*S. v. Branner,* 149 N. C., 559, is cited in support of the conclusion that a plea of guilty once entered may not be withdrawn as a matter of right. But there the Court is discussing procedure in the Superior Court. Having entered a plea of guilty, the defendant may offer evidence for the purpose of portraying, in mitigation, the circumstances under which the crime was committed, but he may not deny the fact of guilt. This is sound for, otherwise, he would be permitted to both admit and deny guilt in the same hearing.

As I view it, however, this rule does not apply to a plea entered in an inferior court when the trial is to be had *de novo* in the appellate court. To so hold is to deny him the protection of the statute which guarantees to him a trial afresh, from the beginning, with all the attendant rights.

There is a further reason why the procedure in the court below should be held for error. The court undertook to act as an appellate court of review. When acting in such capacity it could do nothing more than affirm or reverse the judgment of the justice of the peace. It went fur-

ther and pronounced independent judgment of imprisonment on the facts presented to it on the hearing—and this was done without a plea or verdict in that court.

I vote to remand for trial.

SCHENCK and SEAWELL, JJ., concur in dissent.