BARNHILL, J., dissenting.
SCHENCK and SEAWELL, JJ., concur in dissent.
Criminal prosecution begun in the recorder's court for Washington, Long Acre, Chocowinity and part of Bath Townships in Beaufort County, North Carolina, upon a warrant issued out of said court, charging defendant with assault upon one J. E. Roberson (1) with a deadly weapon, to wit, a bicycle, and (2) with a deadly weapon, to wit, a shotgun. *Page 149 
The record proper shows that upon trial in the recorder's court defendant pleaded guilty. Thereupon the court entered judgment reciting therein that "Upon the trial of this case the defendant pleads guilty," and ordering and adjudging that he be confined in the common jail of Beaufort County for two years to be assigned to work the roads. From this judgment defendant appealed to Superior Court.
When the case came on for hearing on such appeal the court in its discretion refused to allow defendant to withdraw the plea of guilty entered in the recorder's court and, after hearing evidence offered by both State and defendant, entered judgment that defendant be confined in the common jail of Beaufort County and assigned to work under the direction of the State Highway and Public Works Commission for a term of two years upon the charge of assault with a deadly weapon to which he had heretofore pleaded guilty. (It is noted here that in the original transcript of the record as filed in this Court on this appeal the last clause in the judgment reads: "To which charge the defendant had heretofore pleaded not guilty." But the Clerk of the Superior Court of Beaufort County, in response to request from this Court, has sent up a certified copy of the judgment as it appears of record in his office, and as so certified the clause reads: "To which charge the defendant had heretofore pleaded guilty").
Defendant excepted to this judgment and appeals to Supreme Court, and assigns error.
The only assignment of error appearing in the record on this appeal is to the judgment as signed in the Superior Court. As grounds for the exception to the judgment, stated in brief filed through counsel for defendant, two questions are submitted for consideration, substantially these: First: That the imposition of the sentence of two years in prison, after having heard the evidence, as set forth in the judgment, taken in connection with the refusal of the court to allow a retraction or withdrawal of the plea of guilty in accordance with motion of defendant, constituted an abuse of discretion, designated by counsel for the defendant as "an erroneous view of the discretion" exercised in regard to both the refusal of the motion and the punishment imposed. Thus, apparently, it is conceded that in both respects the subjects were addressed to the sound discretion of the court, and are not matters of right. *Page 150 
As to the punishment imposed: The pertinent statute, G.S., 14-33, provides that "in all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court," subject to provisos not applicable here. And the decisions of this Court are to the effect that when no time is fixed by the statute, imprisonment for two years, as in the case at bar, will not be held to be cruel and unusual, and violative of Article I, section 14, of the Constitution of North Carolina. See S. v.Moschoures, 214 N.C. 321, 199 S.E. 92, citing S. v. Farrington,141 N.C. 844, 53 S.E. 954; S. v. Daniels, 197 N.C. 285, 148 S.E. 244, and cases there cited.
As to refusal of motion to allow defendant to retract or withdraw the plea of guilty entered by him in recorder's court: Such a retraction is not a matter of right, and a motion to be allowed to so retract is addressed to the sound discretion of the court. S. v. Branner, 149 N.C. 559,63 S.E. 169. Furthermore, where a defendant pleads guilty in a court inferior to the Superior Court, such as the recorder's court in this case, and that fact appears upon the face of the record as it comes to the Superior Court on his appeal from a judgment of the inferior court, his appeal cannot call into question the facts charged, but brings up for review only matters of law, and the defendant is not entitled to a trial de novo. S. v. Warren, 113 N.C. 683, 18 S.E. 498.
In the Warren case, supra, the Court, distinguishing it from the case S.v. Koonce, 108 N.C. 752, 12 S.E. 1032, held that the defendant had restricted himself by his plea of guilty, and that on such plea there can be no facts left open for consideration by a jury and, hence, the sole question presented for review on appeal to Superior Court is one of law. The Warren case, supra, is similar in factual situation to the case in hand. When defendant there was brought to trial before the justice of the peace he pleaded guilty and was ordered to pay a fine and costs. He appealed to Superior Court and the record on such appeal revealed the fact that he had so pleaded. Here, a plea of guilty was entered on the trial in a recorder's court and likewise appeared in the record on appeal to the Superior Court. The provisions of the statute relating to appeals from judgments of a justice of the peace in criminal cases, G.S., 15-177, and provisions of the act relating to appeals from judgments of the recorder's court in which defendant was tried, Public-Local Laws 1911, chapter 74, sec. 7 (e), are similar. In the former, it is provided that "in all cases of appeal, the trial shall be anew, without prejudice from the former proceedings." In the latter, it is provided that "upon such appeal the trial in Superior Court shall be de novo on papers certified from said recorder's court." Hence, the law as declared in S. v. Warren, supra, is applicable and controlling here. "A plea of guilty is not only *Page 151 
an admission of guilt, but is a formal confession of guilt before the court in which the defendant is arraigned." Walker, J., in S. v. Branner, supra.
In this connection attention has been given to the cases S. v. Ingram,204 N.C. 557, 168 S.E. 837; S. v. McKnight, 210 N.C. 57,185 S.E. 437, and to S. v. Cox, 216 N.C. 424, 5 S.E.2d 125. These cases are distinguishable from that in hand.
The statement in the Ingram case, supra, that the plea of defendant was admissible against him upon the trial in Superior Court must be read in connection with the facts of the case, that is, that the record of the municipal court failed to show on its face that the defendant had pleaded guilty in that court and on the trial in the Superior Court parol testimony offered by the State was admitted tending to show that one of the two defendants had pleaded guilty in the municipal court. Reference to the record reveals that exception to this evidence related to its competency. In the McKnight case, supra, the record as it came from the recorder's court failed to show that the defendant entered a plea of guilty in that court, and this Court held that, without resorting to certiorari orrecordari, the judge exceeded his authority in undertaking dehors the record to determine the question as to the plea of defendant in recorder's court. And in the case S. v. Cox, 216 N.C. 424, 5 S.E.2d 125, it is expressly stated that the question as to whether the case was in Superior Court for review or for trial de novo — defendant having pleaded nolocontendere in the county court — was not presented for determination on that appeal. "The law discussed in any opinion is set within the framework of that particular case." Barnhill, J., in Light Co. v. Moss,220 N.C. 200, 17 S.E.2d 10. See also S. v. Utley, 223 N.C. 39,25 S.E.2d 195; S. v. Boyd, 223 N.C. 79, 25 S.E.2d 456; Byers v.Byers, 223 N.C. 85, 25 S.E.2d 466.
The hearing of evidence in the Superior Court was only for the purpose of enabling the court to pass upon the validity of the judgment of the recorder's court. And while it appears from the judgment entered in Superior Court that defendant was sentenced by the Superior Court, and to a term in prison, the length of the terms of imprisonment named in the two judgments is the same. Hence, the judgment of the Superior Court is tantamount to an affirmance of the judgment of the recorder's court. Therefore, on this record we are not called upon to say whether the Superior Court may or may not impose a greater or less sentence than was imposed by the inferior court from which the appeal is taken. The plea of guilty forecloses any further consideration of the facts.
Second: That the judgment of Superior Court referred to one charge to which defendant pleaded "not guilty," and hence that it is not clear to which charge the sentence related. This is clarified by the certified *Page 152 
copy of the judgment set up at the request of this Court as set forth hereinabove in statement of the case. The plea of guilty appears to have been general, and covers all offenses charged in the warrant.
The judgment below is
Affirmed.