STATE OF NORTH CAROLINA v. HARRY LEE BRYANT

No. 718SC300

(Filed 26 May 1971)

1. Courts § 7; Criminal Law § 18— appeal from district to superior court — trial de novo

   An appeal from a conviction in the district court entitles the defendant to a trial *de novo* in the superior court as a matter of right.

2. Criminal Law § 18— trial de novo in superior court — dismissal of appeal and remand to district court

   Although defendant failed to appear in superior court when his case was called for trial *de novo*, the superior court judge was without authority to dismiss defendant's appeal and remand the case to the district court for compliance with the judgment of that court. G.S. 7A-290.

APPEAL by defendant from *Cooper, Judge,* December 1970 Special Session of WAYNE County Superior Court.

Defendant, on 3 February 1970, was convicted in the District Court of Wayne County of operating a motor vehicle on the streets and highways of North Carolina while under the influence of intoxicating liquor on 18 January 1970. He was fined $100.00 and costs and ordered not to drive a motor vehicle in the State of North Carolina for a period of one year. Defendant thereupon gave notice of appeal to the Superior Court of Wayne County. The case was calendared for 9 December 1970 and notice was mailed to defendant notifying him of that fact. On 9 December 1970, defendant's case was called for trial and defendant failed to appear. The trial judge then dismissed the appeal and ordered the case remanded to the District Court of Wayne County for compliance with the judgment in that court.

From the order dismissing the appeal and remanding the case to the District Court, defendant appeals to this Court.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and T. Buie Costen for the State.*

*Sasser, Duke and Brown by John E. Duke and J. Thomas Brown, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1, 2] Defendant assigns as error the action of the trial judge in dismissing the appeal and remanding the case to the district court for compliance with the judgment entered there. Defendant contends that, although he did not appear in superior court when his case was called, the trial judge was without authority to dismiss his appeal and remand the case to the district court.

G.S. 7A-290 provides:

" . . . Any defendant convicted in district court before the judge may appeal to the superior court for trial *de novo*. Notice of appeal may be given orally in open court, or to the clerk in writing within 10 days of entry of judgment. Upon receiving notice of appeal, the clerk shall transfer the case to the . . . superior court criminal docket. . . . "

" . . . When an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and *is not thereafter available for any purpose.* . . . " (Emphasis added.) *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970). See also *State v. Anderson,* 5 N.C. App. 614, 169 S.E. 2d 38 (1969) and *State v. Goff,* 205 N.C. 545, 172 S.E. 407 (1934).

An appeal from a conviction in an inferior court entitles the defendant to a trial *de novo* in the superior court as a matter of right; and this is true even when an accused pleads guilty in the inferior court. *State v. Sparrow, supra; State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384 (1967). Where the appeal has been docketed in the superior court, the judge presiding, at term, has the authority, upon satisfactory cause shown and with the consent of the defendant, to remand the case to the inferior court for clarifying judgment or other proceedings. This would reinstate the case and revest the inferior court with jurisdiction. *State v. Cox,* 216 N.C. 424, 5 S.E. 2d 125 (1939).

Where, as here, the defendant neither appears in court when his case is called nor consents to dismissal of his appeal, the trial judge is without authority to dismiss the appeal and remand the case to the district court for compliance with the

judgment of that court. The defendant is entitled to a trial as if the case originated in the superior court.

For the reasons stated, the order of the trial judge dismissing the appeal and remanding the case to the district court is reversed and the cause is remanded to the superior court for trial.

Reversed and remanded.

Judges BRITT and GRAHAM concur.