**James Lee HARRIS, Petitioner,**

v.

**W. D. ANDERSON, Superintendent, Yancey County Department of Correction, and State of North Carolina, Respondents.**

**No. C-C-73-225.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Oct. 10, 1973.

No attys. for petitioner.

Richard N. League, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for respondents.

ORDER

McMILLAN, District Judge.

On November 17, 1971, James Lee Harris, petitioner, charged with common law robbery, pleaded guilty in the Superior Court of Mecklenburg County to the crime of larceny from the person, a lesser offense. Subsequently he was given permission to withdraw his guilty plea and to stand trial on the original charge. He was convicted after trial by jury and was sentenced to ten years in prison.

Now, Harris seeks to undo the consequences of his calculated risk by asserting that it was double jeopardy for the state to try him for common law robbery after accepting his plea of guilty of a lesser included offense. He analogizes his own situation to that in Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), where the Supreme Court ruled that it was a violation of the double jeopardy clause of the Constitution for a state to try a defendant who successfully gained a new trial after appeal for an offense for which he was "implicitly acquitted" by the jury in the initial trial.

" . . . [T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." [at 329, 90 S.Ct. at 1761]

Harris argues that the state's expressed original willingness to accept the plea of guilty of the lesser included offense is an "implied acquittal" of the greater offense. Although clever, his argument should not prevail. A withdrawn guilty plea is a nullity; the state cannot use the withdrawn plea as an admission in evidence, Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L. Ed. 1009 (1927). In like token, the defendant should not be allowed to make use of it in the manner desired here. It was up to him to assess the weight of the evidence against him and to determine whether or not he wished to risk trial on the charges set out in the indictment. Even if no plea bargain lies behind the initial plea, Harris still cannot

claim relief, for it was his own independent initiative and decision to withdraw his plea, one in which the state merely acquiesced, which still makes him liable to the full consequences of his decision.

It is therefore ordered, that all claims for relief are denied, and the petition for writ of habeas corpus is dismissed.

The petitioner is advised that he may appeal *in forma pauperis* from this *final order* by mailing a written notice of appeal to the Clerk of the United States District Court, Post Office Box 1266, Charlotte, North Carolina 28201. Said *written* notice of appeal must be *received* by the Clerk within thirty (30) days from the date of this final order. The court declines to issue a certificate of probable cause.

The Clerk is requested to mail copies of this order to the petitioner; to the Attorney General of North Carolina; to the director of the prison system of North Carolina; and to the superintendent of the institution at which the petitioner is presently confined.