STATE OF NORTH CAROLINA v. DAVID LEN FOX

No. 7725SC378

(Filed 7 December 1977)

1. **Criminal Law § 18.4— guilty plea in district court—trial de novo in superior court**

    A criminal defendant has a right to appeal from the district court to the superior court for a trial *de novo* even though he entered a plea of guilty in the district court. G.S. 7A-290.

2. **Criminal Law § 18— appeal to superior court—authority to remand for compliance with district court judgment**

    Where a defendant has appealed for trial *de novo* in superior court, a superior court judge has no authority, absent satisfactory cause shown or without the consent of the defendant, to dismiss the appeal and remand the case for compliance with the judgment of the district court.

3. **Criminal Law §§ 18.4, 23.4— plea bargain in district court—appeal to superior court—trial on original charges**

    Where a defendant originally charged in warrants with felonies entered pleas of guilty of misdemeanors in the district court pursuant to a plea bargaining agreement with the State and then appealed to the superior court for a trial *de novo*, the State was not bound by its agreement to forego the greater felony charges and could properly try defendant on the original felony charges in the superior court.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 22 March 1977 in Superior Court, CATAWBA County. Heard in the Court of Appeals 28 September 1977.

Defendant was charged in two warrants with felonious breaking and entering and larceny. On 15 September 1976, defendant was arrested on the warrants; on 16 September, counsel was appointed for defendant upon his having filed an affidavit of indigency.

Defendant appeared in district court on 20 October 1977 for a probable cause hearing. At that time defendant, through counsel and with the consent of the assistant district attorney, entered into a plea agreement whereby the defendant agreed to plead guilty to two counts of misdemeanor breaking or entering and the State agreed not to prosecute the larceny counts. The district court questioned the defendant, and found that there was a factual basis for the entry of the pleas, that the defendant was satisfied with his counsel, and that the plea was the informed choice of

the defendant made freely, voluntarily, and understandingly. The district court accepted defendant's plea and thereupon entered judgment, the cases being consolidated, sentencing the defendant to imprisonment for 2 years. The defendant, in open court, gave notice of appeal for trial *de novo* in superior court.

On 21 February 1977, the defendant waived arraignment in superior court and entered pleas of not guilty to the two counts of misdemeanor breaking or entering. On 22 March 1977, the superior court found facts substantially as set out above and concluded as a matter of law that the defendant had waived his right to appeal to the superior court for trial *de novo* by virtue of his having entered into a plea agreement and having accepted the benefits thereof, and was estopped from repudiating the plea agreement. From the order of the superior court remanding the cases for commitment in accordance with the judgment of the district court, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Harris and Bumgardner, by Tim L. Harris, for defendant.*

BROCK, Chief Judge.

[1] Defendant argues that G.S. 7A-290 gives him the right to appeal to superior court for trial *de novo* in spite of his guilty plea in district court. In light of the decisions interpreting G.S. 7A-290 and former G.S. 15-177.1, we agree.

G.S. 15-177.1 was enacted in 1947 and read as follows:

"In all cases of appeal to the superior court in a criminal action from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and *de novo* by a jury, without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon."

G.S. 7A-290, enacted as part of the Judicial Department Act of 1965 which created the district court division of the General Court of Justice, reads in pertinent part as follows:

"Any defendant convicted in district court before the judge may appeal to the superior court for trial *de novo*."

These statutes entitle an accused in a criminal case to a trial *de novo* as a matter of right on appeal to the superior court from an inferior court, even when the accused entered a guilty plea in the inferior court. *State v. Meadows*, 234 N.C. 657, 68 S.E. 2d 406 (1951); *State v. Broome*, 269 N.C. 661, 153 S.E. 2d 384 (1967); *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970); *State v. Bryant*, 11 N.C. App. 423, 181 S.E. 2d 211 (1971). The repeal of G.S. 15-177.1 by a technical changes act (Session Laws — 1973, Chapter 1141) should not alter this rule. This conclusion is buttressed by the fact that there is no statute pertaining to appeal to superior court for trial *de novo* from a guilty plea in district court which parallels G.S. 15-180.2 (providing that there is no right of appeal to the appellate division of a plea of guilty or *nolo contendere* to a charge pending in the superior court).

[2]  Thus, where a defendant has appealed for trial *de novo* in superior court, a judge of that court has no authority, absent satisfactory cause shown or without the consent of the defendant, to dismiss the appeal and remand the case for compliance with the judgment of the district court. *State v. Bryant, supra.* The record in this case discloses no consent on the part of the defendant and the trial judge erred in remanding the case to the district court. Defendant is entitled to trial in the superior court.

[3]  The State strenuously argues that should this Court determine that the defendant is entitled to trial *de novo* in superior court, then the State should not be bound by its portion of the plea agreement and should be permitted to try the defendant on the original felony charges. This argument raises issues relating to due process and double jeopardy which are not squarely before this Court at this time. However, several points should be noted. The district court proceeding at which defendant entered his guilty pleas was a probable cause hearing, not a trial; indeed, the district court had no jurisdiction to try the original felony charges. Admittedly, a plea of guilty, if accepted and entered by the court, is equivalent to a conviction. *State v. Neas*, 278 N.C. 506, 180 S.E. 2d 12 (1971). It is also the rule that

"[w]hen an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and is not

thereafter available for any purpose." *State v. Sparrow*, *supra*, 276 N.C. at 507, 173 S.E. 2d at 902.

The State argues persuasively that plea bargaining, legitimized in North Carolina by G.S. 15A-1021 *et seq*. would be seriously hampered if a defendant originally charged with a felony could avoid prosecution by pleading guilty to reduced charges in district court and then appeal and receive a trial *de novo* only on the reduced charges. Where a defendant elects not to stand by his portion of a plea agreement, the State is not bound by its agreement to forego the greater charge. *See U. S. v. Anderson*, 514 F. 2d 583 (7th Cir. 1975); *U. S. v. Williams*, 534 F. 2d 119 (8th Cir. 1976), *cert. den.*, --- U. S. ---, 50 L.Ed. 2d 177 (1976); *Harris v. Anderson*, 364 F. Supp. 465 (W.D.N.C. 1973). This Court's decisions in *State v. Urban*, 31 N.C. App. 531, 230 S.E. 2d 210 (1976) and *State v. Mayes*, 31 N.C. App. 694, 230 S.E. 2d 563 (1976) are factually distinguishable from the case at hand.

For the reasons stated, the order of the trial judge remanding the case to the district court is reversed and the cause is remanded to the superior court for trial.

If the State elects to do so, the district attorney may send bills of indictment to the Grand Jury charging defendant with felonious breakings and enterings and felonious larcenies, as were charged in the two original arrest warrants. If one or more true bills are returned, the State may try defendant upon the felony charges or any included lesser offenses.

Reversed and remanded.

Judges PARKER and ARNOLD concur.