726 S.E.2d 893 (2012)
STATE of North Carolina
v.
Chad Ethmond BRASWELL.
No. COA11-1366.
Court of Appeals of North Carolina.
June 19, 2012.
*895 Attorney General Roy Cooper by Assistant Attorney General Carrie D. Randa, for the State.
C. Gary Triggs, P.A., for Defendant.
BEASLEY, Judge.
Chad Ethmond Braswell (Defendant) appeals from his conviction of driving while impaired in violation of N.C. Gen.Stat. § 20-138.1 and leaving the scene of the accident or collision resulting in property damage in violation of N.C. Gen Stat. § 20-166(c). For the reasons stated below, we vacate in part and affirm in part.
Between 10:30 and 11:00 a.m. on 15 October 2008, the Boone Police Department was advised of a motor vehicle accident on Highway 105 in Watauga County. Brian Patrick Lankford was driving on Highway 105. Upon entering the left lane, the back of his vehicle was struck causing him to jump a curb and strike several vehicles at the Chrysler dealership parking lot that was near the intersection. Mr. Lankford informed police that the vehicle that struck him was a large white GMC with front end damage, and that the driver continued down Highway 105 without stopping after the collision.
Less than five minutes after hearing the description of the vehicle that struck Mr. Lankford, Officer Josh Watson (Officer Watson) of the Boone Police Department noticed a white GMC travelling on Highway 105 that matched the vehicle described by Mr. Lankford. Officer Watson activated his blue lights, stopped Defendant, and informed him that he was being stopped because of a reported car crash. Officer Watson also asked for Defendant's driver's license and asked Defendant to step out of the car, although he did not restrain Defendant with handcuffs.
Officer Toby Regan (Officer Regan) of the Boone Police Department arrived shortly after Defendant was stopped. Officer Regan asked Defendant if he was aware that he had been involved in a car crash, to which Defendant *896 responded that he did not think he had damaged the other vehicle, and therefore did not stop. Neither Officer Watson nor Officer Regan had advised Defendant of his Miranda rights at this point.
Upon questioning, Defendant admitted to taking prescription medication the morning of the accident. Officer Regan then requested that Defendant complete standardized field sobriety tests. Defendant complied, but failed both the "one leg stand test" and the "walk and turn test." Defendant also exhibited all six clues on the Horizontal Gaze Nystagmus test (HGN). Officer Regan then asked Defendant to submit to an alka sensor test, which was negative. Defendant still had not been given a Miranda warning at this time.
After the various tests had been administered and Officer Regan had determined that Defendant had consumed an impairing substance, Defendant was restrained with handcuffs and placed under arrest. After he placed Defendant under arrest, Officer Regan looked into Defendant's vehicle and noticed various prescription medication bottles. Defendant was then taken to Watauga Medical Center for a blood test. At this point, Defendant was informed of his constitutional rights concerning the blood test, and Defendant consented to the blood test. The results of the blood test showed the presence of Carisoprodol, Meprobamape, Diazepam, Nordiazepam, and Methadone.
Defendant was charged with one count of driving while impaired and failure to stop at the scene of an accident. On 10 February 2011, Defendant pled guilty to driving while impaired in exchange for a dismissal of the charge of failure to stop at the scene of a crash in Watauga County District Court. The trial court found that Defendant was a Level II offender and sentenced him to 12 months suspended, 18 months of supervised probation, 7 days active, cost and fines. Defendant gave notice of appeal. On 13 July 2011, after a jury trial in superior court, Defendant was found guilty of driving while impaired and leaving the scene of an accident.[1] On 22 July 2011, Defendant gave notice of appeal to this Court.
We must first address the procedural issues in this case. Although Defendant entered a plea agreement in district court, he was also entitled to a de novo review in superior court. In State v. Fox, 34 N.C.App. 576, 239 S.E.2d 471 (1977), our Court held that a Defendant is entitled to a de novo review in superior court even when Defendant entered a plea agreement in district court. See also, Field v. Sheriff of Wake County, N.C., 654 F.Supp. 1367 (E.D.N.C.1986) reversed on other grounds, 831 F.2d 530 (4th Cir.1987). Upon Defendant's appeal to superior court, the State is not bound by the plea agreement and is permitted to reinitiate the charges that it dismissed pursuant to the plea agreement. Fox, 34 N.C.App. at 578, 239 S.E.2d at 473. The Fox Court stated that
[i]f the State elects to do so, the district attorney may send bills of indictment to the Grand Jury charging defendant with [the charges that were dismissed in the plea agreement], as were charged in the [ ] original arrest warrants. If one or more true bills are returned, the State may try defendant upon the felony charges or any included lesser offenses.
Id. at 579, 239 S.E.2d at 473. In this case, the record indicates that Defendant entered a plea agreement in district court whereby Defendant pled guilty to driving while impaired in exchange for the State's dismissal of the charge of leaving the scene of an accident pursuant N.C. Gen Stat. § 20-166(c). After sentencing by the district court, Defendant appealed to the superior court. The State, Defendant and the trial court proceeded as if the State had indicted Defendant on the charge of leaving the scene of the accident, however, there is no such indication in the record. Our reading of Fox requires the State to, if it wishes to proceed on this charge, indict Defendant on the charge that was formally dismissed pursuant *897 to the plea agreement. The record before us does not indicate that Defendant was indicted on the charge of leaving the scene of an accident after the State dismissed the charge. "It has long been the law of this State that a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment." State v. Williams, 318 N.C. 624, 628, 350 S.E.2d 353, 356 (1986) (citations omitted). Because the State failed to indict Defendant on the charge of leaving the scene of an accident after the dismissal of the charge in district court, we vacate Defendant's conviction for leaving the scene of an accident. We now review the merits of this appeal as to the charge of driving while impaired.
Defendant first argues that the trial court committed prejudicial error by denying Defendant's motion to suppress (1) the statements made by Defendant prior to being advised of his Miranda rights and (2) the results of Defendant's field sobriety tests performed by Defendant before being advised of his Miranda rights. We disagree.
Our review of a denial of a motion to suppress by the trial court is "limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
State v. Barden, 356 N.C. 316, 340, 572 S.E.2d 108, 125 (2002) (quoting State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)). A trial court's findings of fact "are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." State v. Eason, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994). "At a suppression hearing, conflicts in the evidence are to be resolved by the trial court." State v. McArn, 159 N.C.App. 209, 212, 582 S.E.2d 371, 374 (2003). The trial court's conclusions of law are fully reviewable on appeal. Id.
Defendant argues that the trial court was required to give written findings of fact to support its denial of the motion to suppress. Pursuant to N.C. Gen.Stat. § 15A-977(f) (2011), "[t]he [trial] judge must set forth in the record his findings of facts and conclusions of law." "This statute has been interpreted as mandating a written order unless (1) the trial court provides its rationale from the bench, and (2) there are no material conflicts in the evidence at the suppression hearing." State v. Williams, 195 N.C.App. 554, 555, 673 S.E.2d 394, 395 (2009) (citation omitted). The trial court made the following findings from the bench,
I find that on October 15, 2008 in response to dispatch heard by [Officer] Watson concerning a hit and run. [Officer] Watson was traveling South on Highway 105 and was looking for a vehicle described by the dispatch, a vehicle being a full size white GM pickup truck. He spotted a  [vehicle] with front end damage.... [Officer] Watson saw such a vehicle traveling North on Highway 105. He turned on [Highway 105] and came up behind [the vehicle] and turned his blue lights on.... The Defendant was driving the vehicle at the time [Officer] Watson stopped the vehicle, he was investigating a hit and run accident involving perhaps the automobile. [Officer] Watson testified the Defendant was not free to leave this was an investigation and not under arrest. Therefore [I] find that these statements made by the Defendant are admissible and although Miranda warnings were not given they were not required at this point.
Defendant contends that the trial court was required to make written findings of fact because there were material conflicts of evidence presented at the suppression hearing. Defendant fails to draw this Court's attention to any specific conflicting evidence presented at the suppression hearing. However, Defendant does argue that Miranda warnings were in fact applicable which is contrary to the trial court's holding. Here, Defendant challenges the trial court's application of the law and not the evidence presented during the suppression hearing.
Defendant argues that his statements and the results of the field sobriety test were elicited as a result of officer's questioning while he was in custody. "This Court has consistently held that the rule of Miranda applies only where a defendant is subjected *898 to custodial interrogation." State v. Gaines, 345 N.C. 647, 661, 483 S.E.2d 396, 404 (1997). The issue is whether Defendant was in custody within the meaning of Miranda.
The United States Supreme Court has stated,
[p]olice officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the... questioned person is one whom the police suspect. Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him in custody.
Oregon v. Mathiason, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714, 719 (1977) (internal quotation marks omitted). "The test for determining if a person is in custody is whether, considering all the circumstances, a reasonable person would not have thought that he was free to leave because he had been formally arrested or had [ ] his freedom of movement restrained to the degree associated with a formal arrest." In re W.R., 363 N.C. 244, 248, 675 S.E.2d 342, 344 (2009) (citation omitted). However, "the fact that a defendant is not free to leave does not necessarily constitute custody for purposes of Miranda." State v. Benjamin, 124 N.C.App. 734, 738, 478 S.E.2d 651, 653 (1996). "Neither Miranda warnings nor waiver of counsel is required when police activity is limited to general on-the-scene investigation." State v. Kincaid, 147 N.C.App. 94, 102, 555 S.E.2d 294, 300 (2001) (internal quotation marks and citations omitted). Similarly, prior decisions have repeatedly held that traffic stops are not "custodial interrogations" and thus not subject to the mandates of Miranda. See Berkemer v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (holding that a single police officer asking respondent a modest number of questions and requesting him to perform a simple balancing test at a location visible to passing motorists cannot fairly be characterized as the functional equivalent of formal arrest); see also State v. Beasley, 104 N.C.App. 529, 532, 410 S.E.2d 236, 238 (1991) (holding that even when a defendant is questioned about his alcohol consumption in the back of a patrol car, defendant is not in custody for purposes of Miranda).
In Berkemer, 468 U.S. at 439-40, 104 S.Ct. at 3150, 82 L.Ed.2d at 334-35, the United States Supreme Court provided a rationale for not applying Miranda warnings to traffic stops,
the usual traffic stop is more analogous to a so-called "Terry stop," ... than to a formal arrest.... Typically, this means that the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond. And, unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released. The comparatively nonthreatening character of detentions of this sort explains the absence of any suggestion in our opinions that Terry stops are subject to the dictates of Miranda. The similarly noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not "in custody" for the purposes of Miranda.
Defendant's argument is meritless.
Next, Defendant argues that the trial court committed prejudicial error by failing to grant the Defendant's Motion to Dismiss at the close of the State's case and at the close of all of the evidence. We disagree.
The standard of review for a motion to dismiss is whether there is substantial evidence of each essential element of the crime and whether the defendant was the perpetrator of the crime. State v. Scott, 323 N.C. 350, 353, 372 S.E.2d 572, 575 (1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve." State v. Bowden, ___ N.C.App. ___, ___, 717 S.E.2d 230, 232 (2011).
*899 In order to prove beyond a reasonable doubt that the Defendant was driving while impaired, the State must show that the defendant was driving any vehicle on a highway, street, or public vehicular area within this State, while under the influence of an impairing substance. N.C. Gen.Stat. § 20-138.1 (2011). In his brief, however, Defendant only contends that the State could not prove that Defendant was under the influence of an impairing substance without the use of inadmissible statements and field sobriety tests given prior to a Miranda warning. We held above that the Miranda safeguards did not apply to this stop, and thus the statements and field sobriety tests are a proper basis for determining whether Defendant was under the influence of an impairing substance.
Our legislature has defined an impairing substance as "[a]lcohol, controlled substance under Chapter 90 of the General Statutes, any other drug or psychoactive substance capable of impairing a person's physical or mental faculties, or any combination of these substances." N.C. Gen.Stat. § 20-4.01(14a) (2011). In the present case, the SBI lab report of Defendant's blood sample indicated that three of the drugs found in defendant's blood were listed in Chapter 90 of the General Statutes as Schedule II controlled substances. Further, Defendant did not sufficiently perform the standardized field sobriety tests he was asked to perform. In viewing this evidence in the light most favorable to the State, we find that there was substantial evidence of each element of the crime of driving while impaired.
Finally, Defendant argues that the trial court committed prejudicial error by failing to properly instruct the jury on the State's duty to prove that the Defendant's impairment was due to ingestion of controlled substances. We disagree.
The State contends that Defendant failed to object to the jury instructions at trial, and thus did not preserve the issue for review. In the present case, it appears that although Defendant requested instructions at the charge conference, the Defendant was given the opportunity to object to the planned jury instructions and failed to do so. However, we have held that when a defendant does not object to jury instructions at trial, the standard of review is plain error. State v. Cole, 199 N.C.App. 151, 161, 681 S.E.2d 423, 430 (2009). In reviewing jury instructions under the plain error doctrine, we consider the instructions
"contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed.... The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by the instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury."
State v. Hall, 187 N.C.App. 308, 316, 653 S.E.2d 200, 207 (2007) (quoting State v. Blizzard, 169 N.C.App. 285, 296-97, 610 S.E.2d 245, 253 (2005)).
Defendant argues that the instructions constituted plain error because the trial court stated that the substances in the toxicology report were impairing substances which could have caused the jury to believe that the Defendant was in fact impaired. However, the record shows sufficient evidence that Defendant was in fact impaired. Thus, Defendant has not carried his burden of showing that the verdict was affected by the instruction. Defendant's final argument is overruled.
Vacated in part; Affirmed in part.
Judges CALABRIA and STEELMAN concur.
NOTES
[1] Although the verdict sheet and the transcript show that Defendant was found guilty of leaving the scene of an accident, the judgment form as to this offense states that Defendant was found not guilty, but imposed a monetary fine. This seems to be a clerical error that does not interfere with our analysis of this charge.