An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1398
NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

v.                                    Johnston County
                                      No.  12CRS051009-10
CARLOS LAMONT CORBETT,
     Defendant.


Appeal by defendant from judgments entered on or about 26 July 2013 by Judge Thomas H. Lock in Superior Court, Johnston County.  Heard in the Court of Appeals 20 March 2014.


> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Katherine A. Murphy, for the State.*
>
> *Cooley Law Office, by Craig M. Cooley, for defendant-appellant.*


STROUD, Judge.


Defendant appeals judgments for three drug-related convictions.  For the following reasons, we find no error.

## I.  Background

The State's evidence tended to show that in February 2012, pursuant to a search warrant, Detective Patrick Medlin and Detective Mark Somerville of the Clayton Police Department,

delivered a FedEx package to defendant. The package had previously been intercepted and the detectives knew that it contained marijuana. Thereafter, law enforcement officers arrested defendant. On defendant's cell phone were text messages between defendant and "Asion Jon" ("Jon") stating "your joint here" followed by responses of "okay, on the way" and then "leave it out there bro, gotta look around[.]" On 5 November 2012, defendant was indicted for (1) felony conspiracy in that he "conspire[d] . . . to commit the felony of delivering Marijuana, a controlled substance[,]" (2) possession of a controlled substance with intent to sell and deliver, and (3) maintaining "a dwelling house . . . that was used for keeping and selling controlled substances, Marijuana[.]" A jury found defendant guilty of all three charges against him, and the trial court entered judgments for the convictions. Defendant appeals.

## II. Motion to Dismiss

Defendant first contends that the trial court failed in granting his motion to dismiss the charge of maintaining a dwelling for the purpose of keeping a controlled substance due to the insufficiency of the evidence. Our

> standard of review for a motion to dismiss is whether there is substantial evidence of each essential element of the crime and whether the defendant was the perpetrator of

the crime. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Braswell*, ___ N.C. App. ___, ___, 729 S.E.2d 697, 701-02 (citations and quotation marks omitted), *disc. review denied and appeal dismissed*, 366 N.C. 412, 735 S.E.2d 338 (2012).

North Carolina General Statute § 90-108(a)(7) provides:

It shall be unlawful for any person:
(7) To knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article[.]

N.C. Gen. Stat. § 90-108(a)(7) (2011).

Defendant specifically contends that

the issue is whether the State produced sufficient evidence that the . . . residence was used for the 'keeping' of controlled substances. . . . [because]
[t]he North Carolina Supreme Court has interpreted the term 'keeping' . . . to mean 'not just possession, but possession that occurs over a duration of time.' *State v. Mitchell*, 442 S.E.2d at 30[.]

(Footnote omitted.) Defendant argues that even taken in the light most favorable to the State, the evidence shows only mere possession of the marijuana.

Indeed, in *State v. Mitchell*, the evidence showed that the

> defendant possessed marijuana while in his car. The State's evidence also shows that on the following day drug paraphernalia, consisting of small plastic bags and scales, were found at defendant's home. On that same day authorities found one marijuana cigarette in defendant's car and two marijuana cigarettes at defendant's home.

336 N.C. 22, 33, 442 S.E.2d 24, 30 (1994). Our Supreme Court concluded

> [t]hat an individual within a vehicle possesses marijuana on one occasion cannot establish that the vehicle is 'used for keeping' marijuana; nor can one marijuana cigarette found within the car establish that element. This evidence clearly would support a conviction for possession of marijuana, but we do not believe that our legislature intended to create a separate crime simply because the controlled substance was temporarily in a vehicle.

*Id.*

However, in *State v. Craven*, this Court determined that there was "substantial evidence which a reasonable mind might accept as adequate to support a conclusion that [the] defendant had possession of cocaine in his mother's car over a duration of time and/or on more than one occasion" where an individual

testified she and defendant had twice before transported cocaine in the vehicle and sold it. *State v. Craven*, 205 N.C. App. 393, 403, 696 S.E.2d 750, 756 (2010), *affirmed in relevant part and rev'd in part on other grounds*, ___ N.C. ___, 744 S.E.2d 458 (2013).

Here, defendant signed a statement indicating that he was aware "what was in the package" and that he guessed Jon did not want the package delivered to his own house because he had previously been "busted[.]" Defendant also told a law enforcement officer that he had received packages "a few times." "[V]iew[ing] the evidence in the light most favorable to the State, [and] giving the State the benefit of all reasonable inferences[,]" *Braswell*, ___ N.C. App. at ___, 729 S.E.2d at 701-02, we conclude that there was sufficient evidence that defendant was "keeping" the marijuana, N.C. Gen. Stat. § 90-108(a)(7), not on just one occasion, but "over a duration of time and/or on more than one occasion." *Craven*, 205 N.C. App. at 403, 696 S.E.2d at 756. As such, the trial court did not err in denying defendant's motion to dismiss, and this argument is overruled.

III. Motion in Limine

Defendant next contends that his conviction for felony conspiracy is invalid because the trial court erred in granting the State's motion in limine which prevented him from presenting evidence of Jon's "pleas, dismissals, convictions, or judgments" arising from the delivery of the marijuana in violation of his state and federal constitutional rights. Yet, before the trial court defendant made no proffer of evidence regarding Jon's "pleas, dismissals, convictions, or judgments." No plea agreements or other documents related to Jon's criminal charges were submitted to the trial court or to this Court. Furthermore, no testimony was taken as to the evidence, despite the fact that the trial court pointed out that defendant could make an offer of proof on this issue:

> Should [Jon] . . . be called as a witness, the Court will certainly revisit its ruling. Moreover, if at some point during presentation of the evidence in this case, Mr. Lane, you believe that the disposition of the co-defendant charged somehow is relevant and that you'd like to make some offer of proof and be heard further, if you would alert the Court I will send the jury out and entertain your offer of proof and hear further argument on the matter.

Because the record does not include any evidence of Jon's plea agreement or convictions, defendant failed to preserve this issue for review, and this argument is overruled. *See generally*

*State v. Dew*, ___ N.C. App. ___, ___, 738 S.E.2d 215, 221 ("It is well established that an exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness' testimony would have been had he been permitted to testify.  For that reason, in order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record. In the absence of an adequate offer of proof, we can only speculate as to what the witness' answer would have been. . . . As a result, Defendant is not entitled to relief from the trial court's judgments on the basis of this contention." (citations, quotation marks, and brackets omitted), *disc. review denied*, 366 N.C. 595, 743 S.E.2d 187 (2013)).

## IV.  Conclusion

For the forgoing reasons, we find no error.

NO ERROR.

Judges HUNTER, JR., Robert N. and DILLON concur.

Report per Rule 30(e).