IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-564

No. COA20-862

Filed 19 October 2021

Wake County, No. 18 CRS 203691

STATE OF NORTH CAROLINA

v.

BARROD HEGGS, Defendant.

Appeal by Defendant from judgment entered 14 December 2018 by Judge A. Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals 25 August 2021.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Neil Dalton, for the State.*

*Aberle & Wall, by A. Brennan Aberle, for the Defendant.*

GRIFFIN, Judge.

¶ 1 Defendant Barrod Heggs appeals from a judgment entered upon his guilty plea to the charge of felony death by motor vehicle. Defendant argues the trial court erred by sentencing him in the aggravated range because the evidence supporting three stipulated factors in aggravation was the same as the evidence supporting the elements of felony death by motor vehicle. Upon review, we conclude that the trial court erred in finding two aggravating factors. We vacate Defendant's sentence and

plea agreement and remand for a new disposition.

## I. Factual and Procedural Background

During the early morning hours on 24 February 2018, Trooper Clay with the North Carolina State Highway Patrol responded to a collision between two vehicles on Interstate 540. The crash "involved a white Dodge Challenger[,]" operated by Defendant, and a "white sport[] utility vehicle." The driver of the SUV was killed during the collision. When Trooper Clay arrived on scene, Defendant was standing by his vehicle and "admitted to driving." "Trooper Clay noticed a strong odor of alcohol coming from [Defendant's] breath and noticed that [Defendant] displayed red and glassy eyes."

"Trooper Clay had [Defendant] perform some standardized field sobriety tests" and administered "two portable breath tests[,]" both of which indicated that Defendant's blood alcohol content exceeded the legal limit. Defendant was subsequently arrested for driving while impaired. Defendant refused to comply with additional testing, at which point "a search warrant was obtained for [a] blood" sample. A test of that sample measured Defendant's blood alcohol content as 0.13.

"As the North Carolina State Highway Patrol continued [its] investigation, [it] learned from multiple witnesses that . . . [D]efendant was travelling at speeds estimated in excess of 120 miles per hour prior to the crash." "There were 911 calls placed by concerned drivers [who] questioned, . . . due to [Defendant's] speed[,]"

"maneuvering" and "weaving in and out of traffic, whether [what they witnessed] was actually a high-speed chase by the State Highway Patrol." "A CDR download, which is effectively the black box of the vehicle, was performed and showed that there was no deceleration by [Defendant] prior to [the crash] and that [Defendant] was going at speeds in excess of 98 miles per hour at the point of impact[.]"

¶ 5        A Wake County grand jury indicted Defendant on one count of felony death by motor vehicle. Defendant pled guilty to driving while impaired and felony death by motor vehicle. Pursuant to a plea agreement with the State, Defendant stipulated to the existence of the following aggravating factors for sentencing purposes: (1) "[D]efendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person"; (2) Defendant "was armed with a deadly weapon at the time of the crime"; and (3) "[t]he victim of th[e] offense suffered serious injury that is permanent and debilitating." Defendant further stipulated that he was a Record Level I for sentencing purposes. The State agreed not to seek an indictment for second-degree murder as a condition of the plea agreement.

¶ 6        The trial court entered a judgment upon Defendant's plea of guilty to felony death by motor vehicle and arrested judgment on the charge of driving while impaired. The court found the three aggravating factors to which Defendant stipulated, as well as five mitigating factors, and sentenced Defendant in the

aggravated range. Defendant subsequently filed a petition for writ of certiorari with this Court seeking review of the trial court's judgment, which was granted.

## II. Analysis

¶ 7        Defendant argues that the trial court erred by sentencing him in the aggravated range because the evidence supporting the three aggravating factors was the same as the evidence supporting the elements of felony death by motor vehicle. We agree that the trial court erred in finding two of the three aggravating factors. Because Defendant stipulated to the existence of these factors in his plea agreement with the State and now seeks to repudiate this part of the agreement, we vacate the trial court's judgment, as well as the plea agreement between the State and Defendant, and remand for a new disposition.

¶ 8        N.C. Gen. Stat. § 15A-1340.16(a1) provides that a "defendant may admit to the existence of an aggravating factor, and the factor so admitted shall be treated as though it were found by a jury[.]" N.C. Gen. Stat. § 15A-1340.16(a1) (2019). When "aggravating factors are present and the court determines they are sufficient to outweigh any mitigating factors that are present, it may impose a sentence" in the aggravated range. *Id.* § 15A-1340.16(b). However, "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation[.]" *Id.* § 15A-1340.16(d).

¶ 9        The essential elements of felony death by motor vehicle are that the defendant (1) "unintentionally cause[d] the death of another person"; (2) "was engaged in the offense of impaired driving"; and (3) "[t]he commission of the [impaired driving] offense . . . [was] the proximate cause of the death." *Id.* § 20-141.4(a1) (2019).

¶ 10       In this case, the trial court found the following aggravating factors at sentencing: (1) "[D]efendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person"; (2) Defendant "was armed with a deadly weapon at the time of the crime"; and (3) "[t]he victim of th[e] offense suffered serious injury that is permanent and debilitating." The only evidence available to support factor (3) is that the victim was killed in the collision caused by Defendant. Because this is also an essential element of felony death by motor vehicle, the trial court erred in finding this aggravating factor. Similarly, the only evidence to support factor (2)—that Defendant "was armed with a deadly weapon at the time of the crime"—is that Defendant was driving a vehicle when the crime occurred. Because felony death by motor vehicle requires that a defendant be engaged in impaired driving, evidence that Defendant was driving a vehicle cannot also be used to support factor (2).

¶ 11       With respect to factor (1), we conclude that the trial court did not err in finding that "[D]efendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more

than one person." There is ample evidence in the Record supporting this factor, none of which was required in order to find Defendant guilty of felony death by motor vehicle. When summarizing the factual basis supporting Defendant's conviction, the prosecutor stated that the North Carolina State Highway Patrol "learned from multiple witnesses that . . . [D]efendant was travelling at speeds estimated in excess of 120 miles per hour prior to the crash." "There were 911 calls placed by concerned drivers [who] questioned, . . . due to [Defendant's] speed[,]" "maneuvering" and "weaving in and out of traffic, whether [what they witnessed] was actually a high-speed chase by the State Highway Patrol." "A CDR download, which is effectively the black box of the vehicle, was performed and showed that there was no deceleration by [Defendant] prior to [the crash] and that [Defendant] was going at speeds in excess of 98 miles per hour at the point of impact[.]"

¶ 12 Evidence of excessive speed and reckless driving is not required in order to prove any of the essential elements of felony death by motor vehicle. In response to the State's summary of the facts, Defendant's counsel stated, "No additions, deletions or corrections to that statement, [y]our Honor. We understand that [this] is what would be introduced if we had chosen to go to trial. There's no correction[] to the way it was read." Accordingly, the trial court did not err in finding that "[D]efendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person."

### III. Remedy

¶ 13　　With respect to the appropriate remedy, Defendant requests that we "remand for resentencing . . . or, in the alternative, vacate the plea."

¶ 14　　"The general rule is that a judgment is presumed to be valid and will not be disturbed absent a showing that the trial judge abused his discretion. When the validity of a judgment is challenged, the burden is on the defendant to show error amounting to a denial of some substantial right." *State v. Bright*, 301 N.C. 243, 261, 271 S.E.2d 368, 379–80 (1980).

> The presumption of lower court correctness and the wide discretion afforded our trial judges in rendering judgment is of necessity grounded on the theory that a trial judge who has participated in the actual disposition of the case [is] . . . in the best position to determine appropriate punishment for the protection of society and rehabilitation of the defendant.

*State v. Harris*, 27 N.C. App. 385, 387, 219 S.E.2d 306, 307 (1975) (citation and internal quotation marks omitted).

¶ 15　　Our Structured Sentencing Act reflects this presumption by vesting discretion in our trial courts to impose an appropriate sentence. This includes the discretion to deviate from the presumptive term and instead sentence a defendant in the aggravated or mitigated range: "The court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the

discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a). "If aggravating factors are present and the court determines they are sufficient to outweigh any mitigating factors that are present, it may impose a sentence that is permitted by the aggravated range[.]" *Id.* § 15A-1340.16(b). This is true regardless of whether the trial judge finds only one factor in aggravation or several. *State v. Parker*, 315 N.C. 249, 258, 337 S.E.2d 497, 502 (1985) ("[A] sentencing judge need not justify the weight he or she attaches to any factor. A sentencing judge properly may determine in appropriate cases that one factor in aggravation outweighs more than one factor in mitigation and vice versa.").

¶ 16      Although the trial court in this case erred in finding two aggravating factors, it correctly found one aggravating factor. Were we to remand this matter for resentencing, the trial court would have the discretion to reimpose the same sentence that it originally deemed appropriate. The factual basis for the plea has not changed. The judge would make his sentencing decision based on the same evidentiary presentation, regardless of whether the additional factors are found or not.

¶ 17      We therefore discern no prejudice to Defendant resulting from the trial court's erroneous finding of the two aggravating factors. Nonetheless, our Supreme Court has held that "in every case in which it is found that the judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing." *State v. Ahearn*, 307 N.C. 584,

602, 300 S.E.2d 689, 701 (1983). We are thus bound by precedent to, at a minimum, vacate Defendant's sentence. However, because Defendant stipulated to the existence of the aggravating factors in his plea agreement with the State and now seeks to repudiate this part of the agreement, we are further required to vacate the plea agreement and remand for a new disposition rather than remand for a new sentencing hearing. *See State v. Rico*, 218 N.C. App. 109, 122, 720 S.E.2d 801, 809 (Steelman, J., dissenting), *rev'd per curiam for reasons stated in dissent*, 366 N.C. 327, 734 S.E.2d 571 (2012).

¶ 18        In *Rico*, the defendant was charged with first-degree murder. *Id.* at 110, 720 S.E.2d at 802. Pursuant to a plea agreement with the State, the defendant pled guilty to voluntary manslaughter and stipulated to the existence of an aggravating factor for sentencing purposes. *Id.* The trial court accepted the agreement and sentenced the defendant in the aggravated range. *Id.* at 111, 720 S.E.2d at 802. The defendant then appealed to this Court, challenging the aggravating factor as well as his aggravated sentence. *Id.* at 111, 720 S.E.2d at 802. However, because the defendant sought to repudiate the portion of the plea agreement in which he stipulated to the aggravating factor, "the entire plea agreement" was vacated. *Id.* at 122, 720 S.E.2d 809 (Steelman, J., dissenting) ("In the instant case, essential and fundamental terms of the plea agreement were unfulfillable. Defendant has elected to repudiate a

portion of his agreement. Defendant cannot repudiate in part without repudiating the whole.").

¶ 19       As in *Rico*, Defendant seeks to repudiate the portion of his agreement with the State in which he stipulated to the existence of aggravating factors while retaining the portions which are more favorable; namely, his plea of guilty to felony death by motor vehicle in exchange for the State's agreement to not seek an indictment on the charge of second-degree murder. "Defendant cannot repudiate in part without repudiating the whole." *Id.*; *see also State v. Fox*, 34 N.C. App. 576, 579, 239 S.E.2d 471, 473 (1977) ("Where a defendant elects not to stand by his portion of a plea agreement, the State is not bound by its agreement to forego the greater charge."). We therefore vacate Defendant's plea agreement in its entirety and remand for a new disposition.

## IV. Conclusion

¶ 20       For the foregoing reasons, we vacate the judgment entered upon Defendant's conviction and remand for a new disposition.

VACATED AND REMANDED.

Judges TYSON and CARPENTER concur.