IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-564

 No. COA20-862

 Filed 19 October 2021

 Wake County, No. 18 CRS 203691

 STATE OF NORTH CAROLINA

 v.

 BARROD HEGGS, Defendant.

 Appeal by Defendant from judgment entered 14 December 2018 by Judge A.

 Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals 25

 August 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Neil
 Dalton, for the State.

 Aberle & Wall, by A. Brennan Aberle, for the Defendant.

 GRIFFIN, Judge.

¶1 Defendant Barrod Heggs appeals from a judgment entered upon his guilty plea

 to the charge of felony death by motor vehicle. Defendant argues the trial court erred

 by sentencing him in the aggravated range because the evidence supporting three

 stipulated factors in aggravation was the same as the evidence supporting the

 elements of felony death by motor vehicle. Upon review, we conclude that the trial

 court erred in finding two aggravating factors. We vacate Defendant’s sentence and
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 plea agreement and remand for a new disposition.

 I. Factual and Procedural Background

¶2 During the early morning hours on 24 February 2018, Trooper Clay with the

 North Carolina State Highway Patrol responded to a collision between two vehicles

 on Interstate 540. The crash “involved a white Dodge Challenger[,]” operated by

 Defendant, and a “white sport[] utility vehicle.” The driver of the SUV was killed

 during the collision. When Trooper Clay arrived on scene, Defendant was standing

 by his vehicle and “admitted to driving.” “Trooper Clay noticed a strong odor of

 alcohol coming from [Defendant’s] breath and noticed that [Defendant] displayed red

 and glassy eyes.”

¶3 “Trooper Clay had [Defendant] perform some standardized field sobriety tests”

 and administered “two portable breath tests[,]” both of which indicated that

 Defendant’s blood alcohol content exceeded the legal limit. Defendant was

 subsequently arrested for driving while impaired. Defendant refused to comply with

 additional testing, at which point “a search warrant was obtained for [a] blood”

 sample. A test of that sample measured Defendant’s blood alcohol content as 0.13.

¶4 “As the North Carolina State Highway Patrol continued [its] investigation, [it]

 learned from multiple witnesses that . . . [D]efendant was travelling at speeds

 estimated in excess of 120 miles per hour prior to the crash.” “There were 911 calls

 placed by concerned drivers [who] questioned, . . . due to [Defendant’s] speed[,]”
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 “maneuvering” and “weaving in and out of traffic, whether [what they witnessed] was

 actually a high-speed chase by the State Highway Patrol.” “A CDR download, which

 is effectively the black box of the vehicle, was performed and showed that there was

 no deceleration by [Defendant] prior to [the crash] and that [Defendant] was going at

 speeds in excess of 98 miles per hour at the point of impact[.]”

¶5 A Wake County grand jury indicted Defendant on one count of felony death by

 motor vehicle. Defendant pled guilty to driving while impaired and felony death by

 motor vehicle. Pursuant to a plea agreement with the State, Defendant stipulated to

 the existence of the following aggravating factors for sentencing purposes: (1)

 “[D]efendant knowingly created a great risk of death to more than one person by

 means of a weapon or device which would normally be hazardous to the lives of more

 than one person”; (2) Defendant “was armed with a deadly weapon at the time of the

 crime”; and (3) “[t]he victim of th[e] offense suffered serious injury that is permanent

 and debilitating.” Defendant further stipulated that he was a Record Level I for

 sentencing purposes. The State agreed not to seek an indictment for second-degree

 murder as a condition of the plea agreement.

¶6 The trial court entered a judgment upon Defendant’s plea of guilty to felony

 death by motor vehicle and arrested judgment on the charge of driving while

 impaired. The court found the three aggravating factors to which Defendant

 stipulated, as well as five mitigating factors, and sentenced Defendant in the
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 aggravated range. Defendant subsequently filed a petition for writ of certiorari with

 this Court seeking review of the trial court’s judgment, which was granted.

 II. Analysis

¶7 Defendant argues that the trial court erred by sentencing him in the

 aggravated range because the evidence supporting the three aggravating factors was

 the same as the evidence supporting the elements of felony death by motor vehicle.

 We agree that the trial court erred in finding two of the three aggravating factors.

 Because Defendant stipulated to the existence of these factors in his plea agreement

 with the State and now seeks to repudiate this part of the agreement, we vacate the

 trial court’s judgment, as well as the plea agreement between the State and

 Defendant, and remand for a new disposition.

¶8 N.C. Gen. Stat. § 15A-1340.16(a1) provides that a “defendant may admit to the

 existence of an aggravating factor, and the factor so admitted shall be treated as

 though it were found by a jury[.]” N.C. Gen. Stat. § 15A-1340.16(a1) (2019). When

 “aggravating factors are present and the court determines they are sufficient to

 outweigh any mitigating factors that are present, it may impose a sentence” in the

 aggravated range. Id. § 15A-1340.16(b). However, “[e]vidence necessary to prove an

 element of the offense shall not be used to prove any factor in aggravation[.]” Id. §

 15A-1340.16(d).
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

¶9 The essential elements of felony death by motor vehicle are that the defendant

 (1) “unintentionally cause[d] the death of another person”; (2) “was engaged in the

 offense of impaired driving”; and (3) “[t]he commission of the [impaired driving]

 offense . . . [was] the proximate cause of the death.” Id. § 20-141.4(a1) (2019).

¶ 10 In this case, the trial court found the following aggravating factors at

 sentencing: (1) “[D]efendant knowingly created a great risk of death to more than one

 person by means of a weapon or device which would normally be hazardous to the

 lives of more than one person”; (2) Defendant “was armed with a deadly weapon at

 the time of the crime”; and (3) “[t]he victim of th[e] offense suffered serious injury

 that is permanent and debilitating.” The only evidence available to support factor (3)

 is that the victim was killed in the collision caused by Defendant. Because this is also

 an essential element of felony death by motor vehicle, the trial court erred in finding

 this aggravating factor. Similarly, the only evidence to support factor (2)—that

 Defendant “was armed with a deadly weapon at the time of the crime”—is that

 Defendant was driving a vehicle when the crime occurred. Because felony death by

 motor vehicle requires that a defendant be engaged in impaired driving, evidence that

 Defendant was driving a vehicle cannot also be used to support factor (2).

¶ 11 With respect to factor (1), we conclude that the trial court did not err in finding

 that “[D]efendant knowingly created a great risk of death to more than one person by

 means of a weapon or device which would normally be hazardous to the lives of more
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 than one person.” There is ample evidence in the Record supporting this factor, none

 of which was required in order to find Defendant guilty of felony death by motor

 vehicle. When summarizing the factual basis supporting Defendant’s conviction, the

 prosecutor stated that the North Carolina State Highway Patrol “learned from

 multiple witnesses that . . . [D]efendant was travelling at speeds estimated in excess

 of 120 miles per hour prior to the crash.” “There were 911 calls placed by concerned

 drivers [who] questioned, . . . due to [Defendant’s] speed[,]” “maneuvering” and

 “weaving in and out of traffic, whether [what they witnessed] was actually a high-

 speed chase by the State Highway Patrol.” “A CDR download, which is effectively the

 black box of the vehicle, was performed and showed that there was no deceleration

 by [Defendant] prior to [the crash] and that [Defendant] was going at speeds in excess

 of 98 miles per hour at the point of impact[.]”

¶ 12 Evidence of excessive speed and reckless driving is not required in order to

 prove any of the essential elements of felony death by motor vehicle. In response to

 the State’s summary of the facts, Defendant’s counsel stated, “No additions, deletions

 or corrections to that statement, [y]our Honor. We understand that [this] is what

 would be introduced if we had chosen to go to trial. There’s no correction[] to the way

 it was read.” Accordingly, the trial court did not err in finding that “[D]efendant

 knowingly created a great risk of death to more than one person by means of a weapon

 or device which would normally be hazardous to the lives of more than one person.”
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 III. Remedy

¶ 13 With respect to the appropriate remedy, Defendant requests that we “remand

 for resentencing . . . or, in the alternative, vacate the plea.”

¶ 14 “The general rule is that a judgment is presumed to be valid and will not be

 disturbed absent a showing that the trial judge abused his discretion. When the

 validity of a judgment is challenged, the burden is on the defendant to show error

 amounting to a denial of some substantial right.” State v. Bright, 301 N.C. 243, 261,

 271 S.E.2d 368, 379–80 (1980).

 The presumption of lower court correctness and the wide
 discretion afforded our trial judges in rendering judgment
 is of necessity grounded on the theory that a trial judge who
 has participated in the actual disposition of the case [is] . . .
 in the best position to determine appropriate punishment
 for the protection of society and rehabilitation of the
 defendant.

 State v. Harris, 27 N.C. App. 385, 387, 219 S.E.2d 306, 307 (1975) (citation and

 internal quotation marks omitted).

¶ 15 Our Structured Sentencing Act reflects this presumption by vesting discretion

 in our trial courts to impose an appropriate sentence. This includes the discretion to

 deviate from the presumptive term and instead sentence a defendant in the

 aggravated or mitigated range: “The court shall consider evidence of aggravating or

 mitigating factors present in the offense that make an aggravated or mitigated

 sentence appropriate, but the decision to depart from the presumptive range is in the
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 discretion of the court.” N.C. Gen. Stat. § 15A-1340.16(a). “If aggravating factors are

 present and the court determines they are sufficient to outweigh any mitigating

 factors that are present, it may impose a sentence that is permitted by the aggravated

 range[.]” Id. § 15A-1340.16(b). This is true regardless of whether the trial judge finds

 only one factor in aggravation or several. State v. Parker, 315 N.C. 249, 258, 337

 S.E.2d 497, 502 (1985) (“[A] sentencing judge need not justify the weight he or she

 attaches to any factor. A sentencing judge properly may determine in appropriate

 cases that one factor in aggravation outweighs more than one factor in mitigation and

 vice versa.”).

¶ 16 Although the trial court in this case erred in finding two aggravating factors,

 it correctly found one aggravating factor. Were we to remand this matter for

 resentencing, the trial court would have the discretion to reimpose the same sentence

 that it originally deemed appropriate. The factual basis for the plea has not changed.

 The judge would make his sentencing decision based on the same evidentiary

 presentation, regardless of whether the additional factors are found or not.

¶ 17 We therefore discern no prejudice to Defendant resulting from the trial court’s

 erroneous finding of the two aggravating factors. Nonetheless, our Supreme Court

 has held that “in every case in which it is found that the judge erred in a finding or

 findings in aggravation and imposed a sentence beyond the presumptive term, the

 case must be remanded for a new sentencing hearing.” State v. Ahearn, 307 N.C. 584,
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 602, 300 S.E.2d 689, 701 (1983). We are thus bound by precedent to, at a minimum,

 vacate Defendant’s sentence. However, because Defendant stipulated to the

 existence of the aggravating factors in his plea agreement with the State and now

 seeks to repudiate this part of the agreement, we are further required to vacate the

 plea agreement and remand for a new disposition rather than remand for a new

 sentencing hearing. See State v. Rico, 218 N.C. App. 109, 122, 720 S.E.2d 801, 809

 (Steelman, J., dissenting), rev’d per curiam for reasons stated in dissent, 366 N.C. 327,

 734 S.E.2d 571 (2012).

¶ 18 In Rico, the defendant was charged with first-degree murder. Id. at 110, 720

 S.E.2d at 802. Pursuant to a plea agreement with the State, the defendant pled guilty

 to voluntary manslaughter and stipulated to the existence of an aggravating factor

 for sentencing purposes. Id. The trial court accepted the agreement and sentenced

 the defendant in the aggravated range. Id. at 111, 720 S.E.2d at 802. The defendant

 then appealed to this Court, challenging the aggravating factor as well as his

 aggravated sentence. Id. at 111, 720 S.E.2d at 802. However, because the defendant

 sought to repudiate the portion of the plea agreement in which he stipulated to the

 aggravating factor, “the entire plea agreement” was vacated. Id. at 122, 720 S.E.2d

 809 (Steelman, J., dissenting) (“In the instant case, essential and fundamental terms

 of the plea agreement were unfulfillable. Defendant has elected to repudiate a
 STATE V. HEGGS

 2021-NCCOA-564

 Opinion of the Court

 portion of his agreement. Defendant cannot repudiate in part without repudiating

 the whole.”).

¶ 19 As in Rico, Defendant seeks to repudiate the portion of his agreement with the

 State in which he stipulated to the existence of aggravating factors while retaining

 the portions which are more favorable; namely, his plea of guilty to felony death by

 motor vehicle in exchange for the State’s agreement to not seek an indictment on the

 charge of second-degree murder. “Defendant cannot repudiate in part without

 repudiating the whole.” Id.; see also State v. Fox, 34 N.C. App. 576, 579, 239 S.E.2d

 471, 473 (1977) (“Where a defendant elects not to stand by his portion of a plea

 agreement, the State is not bound by its agreement to forego the greater charge.”).

 We therefore vacate Defendant’s plea agreement in its entirety and remand for a new

 disposition.

 IV. Conclusion

¶ 20 For the foregoing reasons, we vacate the judgment entered upon Defendant’s

 conviction and remand for a new disposition.

 VACATED AND REMANDED.

 Judges TYSON and CARPENTER concur.